ROBERT O. DEMING, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10376.   Promulgated September 23, 1947.

*Jerome S. Koehler, Esq.*, for the petitioner.
*Harlow B. King, Esq.*, for the respondent.

OPINION.

TYSON, *Judge*: The petitioner expended a total of $2,117.90 during 1942 for medical care, including hospitalization, doctors' bills, nurses, and medicine, due to personal injuries resulting from an accident, and the issue herein is whether respondent erred in not allowing any portion of such expenses as a deduction for 1942, under the provisions of section 23 (x) of the Internal Revenue Code as added by section 127 (a) of the Revenue Act of 1942.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

    \*        \*        \*        \*        \*        \*        \*

(x) MEDICAL, DENTAL, ETC., EXPENSES.—Except as limited under paragraph (1) or (2), expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (2) (A) of the taxpayer. The term "medical care," as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the pur-

Respondent determined and now contends that petitioner's medical expense of $2,117.90 was fully "compensated for by insurance or otherwise" within the meaning of section 23 (x), *supra*, because during 1942 he received compensation totaling $7,011.66 under personal accident insurance contracts. Respondent further contends that the term "insurance," as used in that section, is not limited to any particular type of coverage under accident insurance contracts, that is, whether the type is for disability or for hospitalization, etc; and that the term "otherwise" is broad enough to embrace any form of reimbursement of expenses for medical care due to personal injury.

The parties state that the question involved herein has not been decided heretofore, and we find no prior authorities directly in point. The Commissioner's Regulations 103 and 111, section 29.23 (x)–1, do not specifically cover the question at issue. Section 23 (x), *supra*, was inserted in the 1942 Revenue Bill by the Senate Committee on Finance, and Senate Report No. 1631, 77th Cong., 2d Sess., pp. 6, 95, sheds no light on the question at issue.

The petitioner now concedes that his medical expense for 1942 was "compensated for by insurance" to the extent of $851.66 received by him in 1942 under his accident insurance contracts as payments specifically designated for that purpose. However, petitioner contends that the remainder of his medical expense for 1942, in the sum of $1,266.24, was not "compensated for by insurance or otherwise" and is therefore deductible under section 23 (x), *supra*, in an amount as limited under paragraph (1) or (2) of that section, because no portion of the $6,160 total weekly indemnity payments received under his accident insurance contracts during 1942 constituted compensation or reimbursement for his 1942 medical care. We agree with the contention of petitioner.

In 1942 petitioner received under his three accident insurance policies the total amount of $7,011.66, of which $6,160 was received as "weekly indemnity for disability" and $851.66 was received as "payments for hospitalization, etc." These respective payments of $6,160 and $851.66 were made in accordance with the terms of the policies particularly relating to those respective coverages. Since petitioner neither died nor lost a hand, foot, finger, or sight as a result of his

pose of affecting any structure or function of the body (including amounts paid for accident or health insurance).

    (1) A husband and wife who file a joint return may deduct only such expenses as exceed 5 per centum of the aggregate net income of such husband and wife, computed without the benefit of this subsection, and the maximum deduction for the taxable year shall be not in excess of $2,500 in the case of such husband and wife.

    (2) An individual who files a separate return may deduct only such expenses as exceed 5 per centum of the net income of the taxpayer, computed without the benefit of this subsection, and the maximum deduction for the taxable year shall be not in excess of $2,500 in the case of the head of a family, and not in excess of $1,250 in the case of all other individuals.

accident, the coverages under those policies with which we are concerned are those which provided (1) a weekly indemnity for the insured's total disability; (2) a weekly indemnity for insured's partial disability; (3) an elective indemnity for one single payment in lieu of the weekly indemnities; (4) a double indemnity; (5) specified hospital and graduate nurse indemnity; and (6) specific surgical indemnity. It is not controverted that, of the total amount of $7,011.66, the sum of $851.66 was paid under the policies to indemnify petitioner for items (5) and (6) above mentioned.

Was, then, this amount of $851.66 the extent to which petitioner received compensation through "insurance or otherwise" for the amount he expended "for medical care"? We think so under the plain terms of the statute. All the compensation petitioner received on account of his accidental injuries was received as insurance and not "otherwise." The expense for medical care "compensated for by insurance" which is not to be allowed as a deduction under section 23 (x) means, we think, that the insurance received as compensation must necessarily be upon the risk insured, i. e., medical expense, and not upon some other risks, such as those enumerated above as (1) to (4), inclusive.

Respondent's citation of section 22 (b) (5) of the Internal Revenue Code,[2] as amended by section 127 (d) of the Revenue Act of 1942, (and more particularly the first clause thereof) as supporting his contention, is without merit. Although section 22 (b) (5) is correlated to section 23 (x) for the purpose of applying the former in determining the amount of the exclusion therein provided for, it is not correlated in the sense that in applying section 23 (x) any aid is given in the wording of the exception clause of section 22 (b) (5), for the language of that clause merely excludes from the exemption granted. "amounts received through accident or health insurance * * * as compensation for personal injuries or sickness," which are "attributable to," that is, ascribed as due to, deductions allowed "in any prior taxable year" under section 23 (x), *supra*, which latter section, standing alone, provides the criteria for determining what amounts are deductible in any particular year on account of medical expenses.

---

[2] SEC. 22. GROSS INCOME.

*    *    *    *    *    *    *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter :

*    *    *    *    *    *    *

(5) COMPENSATION FOR INJURIES OR SICKNESS.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country.

We hold that the sum of $1,266.24 of petitioner's 1942 expenses for medical care was not "compensated for by insurance or otherwise" within the meaning of section 23 (x), *supra*, and that respondent erred in not allowing a deduction therefor computed in an amount as limited under paragraph (1) or (2) of that section.

The respondent erred in his determination.

Reviewed by the Court.

*Decision will be entered under Rule 50.*