Ernest M. and Ruth S. Figley v. Commissioner.
Ernest M. v. Commissioner
Docket No. 34676.
United States Tax Court
1953 Tax Ct. Memo LEXIS 142; 12 T.C.M. (CCH) 944; T.C.M. (RIA) 53280; August 20, 1953
*142 Certain deductions for contributions, medical, business, and other expenses determined. Ernest M. Figley, pro se. R. G. Harless, Esq., for the respondent BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income tax for the year 1947 in the amount of $301.21, and for 1948 in the amount of $157.36. The issue is whether respondent erred in disallowing certain deductions taken by petitioners in 1947 and 1948. With respect to medical expense for 1947 and business expenses for both years, petitioners claimed a larger amount in the petition than is shown in the return. With respect to 1948, the total allowable deductions not equalling or exceeding the "standard deduction" of 10 per cent, the respondent recomputed petitioners' *143 tax liability using the standard deduction. Sec. 23 (aa), Internal Revenue Code. Petitioners did not file a brief. Findings of Fact Petitioners, husband and wife, are residents of Berkeley, California. They filed joint returns for each of the years involved with the collector of internal revenue for the first district of California. All references to the petitioner hereafter refer to petitioner Ernest M. Figley unless otherwise indicated. The returns list petitioner's occupation as "Engineer." In the years involved, petitioner was employed by the Atlas Elevator Company at an annual wage of $6,000. He also conducted a "Jobber" business of his own from which he reported net income of $612.68 in 1947 and $229.76 in 1948. The aggregate adjusted gross income reported for 1947 was $6,612.68 and for 1948, $6,229.76. Schedule C of the 1947 return shows, under "Other Costs," an aggregate of $960 without explanation under Schedule G as required. Respondent disallowed $80, or one months' expense, explaining that the business began in February 1947. No evidence was offered by the petitioners as to when the business began. Schedule C of the 1948 return shows, under *144 "Other Business Deductions", an aggregate of $908.60. The $908.60 was explained in Schedule G as "Telephone Telegrams Sales Expense Car & Travel Expenses." Respondent disallowed $308.60 expended for a new engine for a 1948 Ford. In connection with both his employment and the conduct of his own business, petitioner and his wife travelled considerably during both of the years involved. The trips were performed in 1947 in a 1942 model Ford with a trailer. In 1948, petitioner disposed of the 1942 Ford and purchased a 1948 Ford for which he was obliged to buy a new engine for $308.60 in that same year. He paid cash for all gas and oil used. On the basis of a monthly report he submitted to Atlas he was reimbursed for all expenses incurred in travel for Atlas, including gas, oil, and an amount to cover depreciation and tires, and some living expenses. No receipts, cancelled checks, or records to show payments, totals expended, or segregation of the costs reimbursed by Atlas were offered in evidence. Respondent allowed $16 for "P.O. Box" as an additional business expense after apparently disallowing it as a personal deduction. Petitioners maintained in their home an office for the conduct *145 of their individual business. The office was one room of a six-room house which petitioners rented for $42.50 per month. The record does not disclose the monthly cost of light and heat. Telephone, telegraph, stamps, and stationery expense was properly allowed by respondent as a business expense. Petitioners took deductions for contributions in 1947 which were listed in the return: First Baptist, S.F.
$260.00
First Presbyterian, Berkeley
208.00
Welcome Mission, S.F.
104.00
Calvary Presbyterian, S.F.
52.00
Red Cross, Community Chest, Salva-
tion Army
80.00
$704.00
In 1948 they took an aggregate deduction of $934.47, or 15 per cent of adjusted gross income, without specification as to the donees. They offered no substantiating records, checks, receipts, letters, or other corroborating material for any part of the deductions claimed. Petitioners took deductions for interest in the amount of $178.60 in 1947. The money was borrowed for business purposes. Respondent disallowed the entire amount as a personal deduction and allowed $98.80 as a business expense. No substantiating records, checks, receipts, or other documentary evidence was offered. In 1948, *146 respondent disallowed $150 claimed as a personal deduction for interest but allowed an additional $220.21 for interest as a business expense in Schedule C. Petitioners in 1947 took a deduction of $430.37 for medical and dental expenses, as follows: Dentist
$ 48.00
Oculist
145.00
Medicine
62.51
Insurance
505.50
$761.01
Five per cent of adjusted gross
income
330.64
$430.37 In 1948, they took $183.51: Oculist
$115.00
Doctors and medicine
150.00
Insurance
230.00
$495.00
Five per cent of adjusted gross
income
311.49
$183.51
With respect to the insurance, there were included premiums paid to State Farm Mutual, which was automobile insurance. The remaining policies were standard policies which apparently included life insurance, i.e., death benefits or double indemnity, as well as health and accident provisions not specified as to benefits offered. The policies were not placed in evidence, nor were any receipts, cancelled checks, or other records of payment. No evidence was submitted segregating the charges for life insurance from those for health and accident protection. Respondent, after making allowance for all expenses *147 substantiated by receipts, disallowed deductions for medical and dental expenses in 1947, as follows: Amounts allowable: Medical
$105.00
Medicine
62.51
$167.51
Less 5% of adjusted gross income [1]
329.69
Allowable medical deduction
0
Respondent similarly disallowed a deduction for medical and dental expenses in 1948: Allowable expenses
$ 67.00
Less 5% of adjusted gross income [1]
326.92
Allowable medical and dental ex-
pense
0
No substantiating receipts, checks, letters, or other evidence or payment were offered in evidence. Respondent allowed $55.20 in 1947 and $69.20 in 1948 for "Auto Insurance" as additional business expenses in Schedule C. In 1948 petitioners took a deduction of $216 for "Taxes", described as Auto, Sales, Gas Taxes. No receipts, cancelled checks, letters, or other evidences of payment were offered in evidence. Opinion Petitioners, on their joint returns for 1947 and 1948 took various deductions set forth in our findings above which respondent disallowed in whole or in part for lack of substantiation. *148 The questions thus presented are: (1) whether, with respect to Schedule C, "Profit (or loss) From Business or Profession", respondent erred in $80disallowing of "Other Costs" in 1947 and $308.60 of "Other Business Deductions" in 1948, and in failing to allow a sum for rental of an office in petitioners' home for both years; (2) whether, with respect to claimed deductions for "Contributions", respondent erred in disallowing the entire amounts claimed of $704 in 1947 and $934.47 in 1948; (3) whether, with respect to claimed deductions for "Interest" respondent erred in disallowing $79.80 in 1947; (4) whether respondent erred with respect to his action on claimed deductions for "Taxes" in 1948; (5) whether, with respect to claimed "Medical and Dental Expenses", respondent erred in disallowing any deduction in either 1947 or 1948. Petitioners have the burden of proof. Gibb Instrument Co., 1 B.T.A. 278; see also Sol M. Flock et al., 8 T.C. 945; cf. Roybark v. United States (D.C. Calif., 1952), 104 Fed. Supp. 759. Petitioners herein have failed to carry that burden except as noted. The only evidence presented was the testimony of Ernest Figley, *149 one of the petitioners, and the returns for 1947 and 1948. There was no evidence of payment such as checks, receipts, or letters, and no corroborating witnesses or records. Petitioner did not testify as to all the items in issue, nor with sufficient clarity, detail or fulness as to certain of the items as to enable the Court to make findings to support the claimed deductions. Thus, with respect to business expense items under Schedule C, respondent disallowed $80 of the $960 claimed as "Other Costs", which petitioner testified represented, in part, "Travel Expenses." Respondent, in the notice of deficiency, explained his action by stating that petitioners commenced business in February 1947, and that the amount disallowed represented only one month's expenditures. Petitioner did not offer any evidence as to when the business began. Petitioner testified generally as to mileage covered in 1947, some 60,000 miles, 16,000 of which he states was performed in connection with his own business operations. He did not, however, offer any evidence as to the amount of percentage of the total expense for which Atlas reimbursed him. We conclude respondent did not err in his action. In 1948, *150 respondent disallowed $308.60 apparently included in $908.60 for "Telephone, Telegrams, Sales, Expenses, Car & Travel Expense." This sum was expended for a new engine for a 1948 Ford which petitioner used for his personal benefit and in his own and his employer's business. Respondent properly regarded it as a capital expenditure which could only be recovered through depreciation charges. In so far as petitioner's own business was concerned, respondent found that depreciation was included in the $15,018.44, cost of merchandise bought for sale, as a part of "car maintenance, hotel, meals, etc." Petitioner did not contravene this finding. Respondent further found that depreciation on the new engine and new car was included in the travel expenses for which petitioner was reimbursed by Atlas Elevator Co., and petitioner failed to present any evidence of the amounts expended or reimbursed or the percentage for which he was reimbursed. Under the circumstances, we must conclude that the action taken by the respondent was correct. Petitioners have assigned as error the failure of the respondent to allow "expenses of maintaining an office in petitioners' residence." There is no specification *151 of such an expense in the returns for either year. Petitioners offered no estimate of what allowance would be fair, and the record does not disclose the monthly cost of utilities such as light and heat. Respondent did allow deduction of the sums claimed in 1947 for all business expenses (except for one month in 1947, as explained above), including telephone, telegraph, stamps and stationery, as well as travel expense. Under the circumstances, we find respondent did not err in this action. See Sol M. Flock, supra; cf. Roybark v. United States, supra. With respect to the claimed deductions for "Contributions" in both years, respondent disallowed the entire amounts claimed for lack of substantiation. He explained his 1947 action: "Taxpayers claim that these were actual cash offerings made at their attendance at the Churches listed and that none of the payments were made by check or in such manner that either they or the recipient would have a record thereof. In view of the large amount claimed an attempt was made to verify the amount with the recipients. See attached letter from the 1st Presbyterian Church, Berkeley. [2] In addition, reviewer will please *152 note that the total claimed as contributions to the 4 churches listed on the return amounts to $624.00 or $11.00 [3] per week, which is well above average and probably more than most churches expect of their members. "Because of this lack of substantiation of any of the items claimed, the total of $704. is disallowed." * * * He explained his 1948 action: "Amount taken on return - $934.47 - is 15% of adjusted gross income. No attempt was made to list the name and address of the organization to which contributions were made, and when interviewed Mr. Figley stated all contributions were in cash; in other words neither Mr. Figley nor recipients would have a record thereof. See also attached letters in answer to letters reporting verification. [2]
Because of this lack of substantiation required by the Internal Revenue Code, the total claimed - $934.47 is hereby disallowed." While petitioner's testimony and the statement he submitted with respect to these items do establish himself *153 and his wife to be persons of honorable intent, they also establish, in petitioner's own words, his failure to offer substantiation for these large sums either with checks, which he testified he rarely used even in business, or other records, which he likewise eschewed. We recognize the difficulties involved in proving cash contributions to churches. Petitioners have established by uncontravened testimony that some contributions were made. The amounts claimed in 1947 included $624 contributed to four churches, at the rate of $5, $4, $2, and $1 per week, respectively. Had such contributions been paid as pledges, undoubtedly the churches would have had records. We can only assume such contributions were made in the form of cash dropped in the collection plate and, considering petitioners could only have attended one of the four churches at the same time, one fourth of the $624 claimed, or $156 for church contributions would be reasonable. With respect to the $80 claimed as contributions to the Red Cross, Community Chest, and Salvation Army, in our experience, both the Red Cross and Comunity Chest give receipts and maintain records of pledges and payments. No records having been produced *154 by petitioners, we can only approximate the amounts contributed to the Red Cross and Community Chest, as well as to the Salvation Army. Petitioners having lumped these items in their returns we do likewise and, using the same ratio as was applied to church contributions, estimate that $20 was contributed by petitioners to the Red Cross, Community Chest, and Salvation Army in 1947. Accordingly, following Cohan v. Commissioner, 39 Fed. (2d) 540, we hold that petitioners are entitled to deduct a total of $176 as contributions for the calendar year 1947. With respect to 1948, the total contributions are included in the standard deduction allowed. Respondent disallowed $79.80 of the claimed interest deduction of $178.60 taken by petitioners in 1947. Petitioner testified that he had paid interest on loans from friends and directed this testimony to the $79.80. He stated that each of the transactions was entirely "on a verbal basis" and that he kept no records. No checks or notes or receipts were, of course, offered in evidence. He did not specify how many such loans were made, from whom they came, when they were borrowed or repaid, or what interest rate was agreed upon. Under *155 the circumstances, we find respondent did not err in disallowing this portion of the claimed deduction for lack of substantiation. Petitioner assigned as error respondent's disallowance of a deduction of $216 for "Taxes." He offered no testimony on this point and no other evidence was submitted. We find, therefore, that respondent did not err in his action. With respect to medical and dental expenses, petitioner's own testimony was insufficient to establish the validity of the amounts included therein for insurance premiums. No policies were placed in evidence and, on the basis of the testimony and record before us, we are unable to find whether these policies were health and accident policies which reimbursed petitioners for medical or dental expenses incurred or paid a lump sum or weekly allowance, or to make any segregation of charges for such protection from life insurance. Cf. Robert O. Deming, Jr., 9 T.C. 383. With respect to other claimed expenses, no checks, records, etc., were offered in evidence and there was no statement in the testimony of sufficient detail to enable us to make a finding in support of petitioners' claims. It is noted that respondent made *156 allowance in his computation for all medical bills for which petitioners produced receipts. Under the circumstances, we find respondent did not err in his action. With respect to 1948, medical allowance is included in the standard deduction. Decision will be entered under Rule 50. Footnotes
1. After adjustments made in notice of deficiency.↩
1. After adjustments made in notice of deficiency.↩
2. These letters were not attached to the petition nor submitted in evidence. ↩
3. This apparently should be $12.↩
2. These letters were not attached to the petition nor submitted in evidence.↩