**Alson N. JOHNSON and Margaret C. Johnson, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 77–1010.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1977.

Decided April 11, 1978.

Daniel R. Dixon, Raleigh, N. C., for appellants.

Stanley S. Shaw, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C. (Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews and Richard W. Perkins, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WINTER, Circuit Judge.

PER CURIAM:

Following the death of Mr. Johnson's partner in a business enterprise, and the collection by Mr. Johnson of the proceeds of the life insurance policy he had taken out upon the life of his partner, the partnership business was wound up and concluded. Earlier the taxpayers had claimed and been allowed operating losses suffered by the partnership. After the termination of the partnership business, the taxpayers claimed a long term capital loss in consequence of the failure of the partnership's business endeavor. The claimed long term capital loss was disallowed as having been compensated by the larger amount received as proceeds of the life insurance policy.

The Tax Court sustained the Commissioner. *Johnson v. C.I.R.,* 66 T.C. 897 (1976).

The business of the partnership was the raising of swine. The general contemplation of the partners was that Johnson would provide the capital and that the partner, having experience in those matters, would attend to the breeding and daily care of the animals. For partnership purposes buildings and equipment were erected on land belonging to Johnson's partner.

The partner's death occurred in the second year of the partnership's operation. A substantial operating loss had been incurred in the first year's operation. A much smaller one was incurred in the second. Johnson was allowed to deduct the operating loss in each year. After the death of his partner, Johnson and the partner's widow considered an attempt to con-

tinue the business of the partnership. In order to do that, however, they needed an experienced person to provide the daily care of the animals' needs. They were unable to find such a person and they concluded to discontinue the business and wind up the affairs of the partnership. In that process the partner's widow agreed to pay a certain partnership debt in consideration of Johnson's release to her of his interest in the buildings and equipment, the partnership's capital assets.

The capital loss claimed by Johnson was the depreciated value of the buildings and equipment which the partnership had erected on land belonging to the partner. Those assets became wholly unusable and of no economic value when the decision was made to discontinue the partnership business. They were upon land then belonging to the widow and a conveyance to her was wholly reasonable.

The Tax Court was warranted in finding as it did that the death of the partner was the cause of the decision to discontinue the partnership business which, because of the death, became no longer practicable. It was the discontinuance of the business which occasioned the disposition of the capital assets. The capital loss was thus caused by the death of the partner and, since the death was compensated by insurance, the Tax Court properly concluded that the capital loss was not deductible.

AFFIRMED.

ALBERT V. BRYAN, Senior Circuit Judge, dissenting:

Accepting the facts of this case as they are quite faithfully laid out in the majority opinion, I would reverse the Tax Court's holding that the appellant-taxpayer's 1971 loss of $18,830.31, conceded by the Commissioner, was not deductible because it was "compensated for by insurance", citing Internal Revenue Code, 1954, Section 165(a).*

The issue on the present appeal is accurately put by the Commissioner:

"Whether the Tax Court correctly determined that the taxpayer was not entitled to a deduction for a loss resulting from his investment in a partnership because his loss was compensated for by the proceeds from a 'key man' life insurance policy upon the life of his partner."

For insurance to constitute compensation offsetting an otherwise tax deductible loss under Section 165(a), the Tax Court has heretofore squarely and unconditionally held that the *loss must be due to the risk insured against, Robert O. Deming, Jr.,* 9 T.C. 383, 387 (1947). [Accent added.] The Tax Court does not now deny this earlier enunciation but simply fails to apply it.

This departure occurs in attributing the admitted loss to the partner's death, the risk insured. To my mind the evidence does not support a finding that his decease was, within the intent of Section 165(a), the cause of the appellant-taxpayer's loss. The loss occurred *after* the death of the partner, that is to say, *it had not either accrued or arisen in his lifetime.* The loss originated when the taxpayer and the widow made settlement of their respective interests in the partnership's remaining capital assets. This permitted the taxpayer to assert his claimed depreciation loss. Thus the loss was not identifiable with participation of Chappell, the insured partner, in the business. Always to be remembered is that the risk insured against was the life of Chappell, not the success of the business. Therefore, incidents in the latter, created *post mortem,* were not touched by the insurance.

Upon these considerations I would reverse the Tax Court.

* Section 165(a) states, in pertinent part, that: "General Rule.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise . . . .." In this dissent I am assuming *arguendo* that the term "insurance" as used in the statute includes *life* insurance.