Jess H. and Eva W. Taylor v. Commissioner.
Jess H. & Eva W. Taylor v. Commissioner
Docket No. 28821.
United States Tax Court
1952 Tax Ct. Memo LEXIS 164; 11 T.C.M. (CCH) 652; T.C.M. (RIA) 52200; June 24, 1952
*164 For lack of evidence, respondent is sustained upon his disallowance of certain deductions taken by petitioners representing cost of meals, union dues, rental of safe deposit box, state sales tax, state cigarette tax, and casualty loss. On the record, it is held that petitioner Jess H. Taylor is entitled to deduct the cost of certain clothing worn by him as a member of the fire department at Camp Gruber, Oklahoma, as the facts indicate, in view of the nature of his employment, that this clothing was in the nature of a required uniform. The cost of additional clothing for which claim is made is disallowed upon the ground that certain articles, the cost of which is shown, were not in the nature of a uniform but ordinary work clothing purchased to protect and save wear and tear on more expensive clothing. Respondent's disallowance of the cost of other items of work clothing sustained for lack of evidence showing error in this disallowance. Respondent's action in disallowing the amount of $70.80, representing premium on health and accident insurance, is reversed, as this item is shown properly to have been included in the total medical expenses upon which the petitioners based their *165 claim for deductions of this character. The determination of the deficiency by respondent against petitioners upon the basis of a joint return sustained. Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax for the year 1946 of $151.11. The errors assigned are as follows: (a) The disallowance of a deduction claimed in the aggregate amount of $163 for the purchase and laundry of work clothing. (b) The disallowance of a deduction claimed in the amount of $187.20 as the cost of meals. (c) The disallowance of a deduction claimed in the amount of $6 for payment of union dues. (d) The disallowance of a deduction claimed in the amount of $3.90 for rental of a safety deposit box. (e) The determination that the deduction claim for the payment of Oklahoma sales tax is excessive to the extent of $26. (f) The disallowance of a deduction claimed in the amount of $18.25 as payments of Oklahoma cigarette tax. (g) The disallowance of casualty loss deductions claimed in the respective amounts of $4 and $5 for damages to an automobile and *166 a watch. (h) The disallowance of a deduction claimed in the amount of $70.80 for the payment of health and accident premiums. (i) The determination of the deficiency against petitioners upon the basis of the combined joint income of the marital community. The proceeding was heard at Muskogee, Oklahoma, on May 8, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. [The Facts] The petitioners are husband and wife and residents of Muskogee, Oklahoma. The petitioner Jess H. Taylor filed an income tax return for the calendar year 1946 with the collector of internal revenue for the district of Oklahoma, reporting thereon salary of $3,641.55 received from the War Department at Camp Gruber, Oklahoma, together with net rental income in the sum of $165.01. On this return, in answer to the inquiry as to whether petitioner's *167 wife was making any separate return, the answer was "No - Claim for Refund." The petitioner Eva W. Taylor for the calendar year 1946 filed a return on Form 1040 reporting thereon gross wages of $301.89. On this return the sum of $46 was reported as payment of tax by withholding from this petitioner's wages. Tax was reported as none and refund was asked for the $46 withheld. None of the income reported on the return filed by petitioner Jess H. Taylor was included on the return filed by his wife, and none of the income realized by her was included in the income reported on the return filed by him. On his income tax return, however, he claimed three exemptions for himself, his wife and their son. In determining the deficiency respondent consolidated the income of husband and wife and determined the tax on the basis of a joint return. [Opinion] When the proceeding was called for hearing on May 8, 1951, at Muskogee, Oklahoma, the parties appeared by counsel and announced that they were ready for trial. However, only petitioner Eva W. Taylor appeared as a witness. Upon questioning by her attorney she gave certain testimony with respect to the item in issue representing cost of work *168 clothes and laundry, and testified respecting the employment of petitioner Jess H. Taylor at Camp Gruber. As to the cost to him of meals taken at Camp Gruber she had no knowledge except by hearsay, and made no attempt to testify as to the items representing union dues, safe deposit box, sales tax, cigarette tax, casualty loss and health and accident insurance. After considerable questioning by her attorney, it appearing that she would not be permitted to testify as to matters respecting which she had no personal knowledge, her attorney stated to the Court that he had believed that he could establish a case with her testimony but it appeared that he was unable to do so, and he thereupon moved that the case be continued to permit him to secure the testimony of petitioner Jess H. Taylor, who it appears was owrking at that time in Oklahoma City, Oklahoma. This motion was denied by the Commissioner in view of the fact that ample notice had been given of the hearing, that petitioners' counsel had announced ready for trial and had actively engaged in presenting evidence. The denial of this motion by the Commissioner is approved by us. Petitioner Jess H. Taylor was employed during the taxable *169 year as a fireman and electrician by the War Department at Camp Gruber, Oklahoma. On the return filed by him he asked deduction for 8 uniforms at $8 each, or a total of $64; 2 caps, $6; 2 pairs work shoes, $12; 1 pair overshoes, $3; 12 pairs woolen hose, $12; 4 pairs leather gloves, $10; and 2 badges (identification), $4; together with laundry on the work clothes at $1 per week, or a total of $52. The petitioner Eva W. Taylor testified as to the purchase of the so-called uniforms, as they were bought by her at her husband's direction. These consisted of three suits, each suit consisting of a pair of blue woolen pants and a blue shirt. The cost of the pants was $6 each and the shirts $2 each, a total of $24. The shirts were of a particular style, with straps on the shoulder and black buttons down the front. The remaining so-called suits were five sets of fatigues purchased by her at a cost of $4 each. It was testified by this witness that her husband wore in his work as a fireman at Camp Gruber a round cap with a leather band and a metal fireman's badge on the front, and wore another such badge on his shirt. She did not buy any caps or badges for him and had no personal knowledge of *170 their cost. She did not buy the other articles of work clothing listed above and did not testify either as to their purchase or cost. She did establish by her testimony that petitioner Jess H. Taylor's work clothing was sent each week to the laundry at which she was employed in Muskogee, but no testimony was given as to the cost of laundering. The testimony of this witness indicates clearly to us that the three suits of clothing, consisting of blue woolen pants and blue shirts, constituted a type of uniform worn by petitioner, and we hold that the cost thereof in the sum of $24 is allowable. As to the five sets of fatigues at $4 each, there is no indication that these were in the nature of a uniform. Such clothing is worn only for the convenience of the user and to protect more expensive clothing. As such, its cost does not constitute an allowable deduction. There is no evidence with respect to the acquisition by this petitioner of the cost to him of the other items of work clothing listed, and allowancefor that cost must be denied for lack of evidence. As to the item of $52 for laundry of the work clothes at the rate of $1 per week, the allowance which could be sustained would *171 be for the blue shirts constituting part of his three uniforms. This petitioner is shown to have worked 24 hours and then laid off 24 hours during the week, a total of 3 1/2 days per week. It is apparent to us that the allowable portion of the laundry bill of $1 per week, to-wit that pertaining to the blue shirts, could not have been in excess of two shirts per week at 15 cents each. Upon this item we find that $15.60 was spent during the taxable year by this petitioner in the laundry of these articles, and this amount should be allowed. Cohan v. Commissioner, 39 Fed. (2d) 540. The petitioner Jess H. Taylor on his return also deducted $187.20 as the cost of 468 meals at 40 cents each, taken by him at Camp Gruber during the time he was on duty, these being claimed to be allowance as expenses away from home. The exact conditions with respect to the employment of this petitioner at Camp Gruber are not revealed, nor do we know the location of this point with respect to Muskogee. This petitioner is shown to have been employed at Camp Gruber and to have worked there during the taxable year on alternate shifts of 24 hours. At the end of each 24 hours he would return to his *172 home at Muskogee for a stay of the same period. We are only advised as to the meals consumed at Camp Gruber and the cost thereof by the claim made on the return, which of course can not be received as evidence. We would, accordingly, in any event have to disallow this item for lack of proof. It may be said, however, that the testimony by this petitioner's wife gives no indication that this expense, even had it been established in detail, would have been deductible, as it appears that this petitioner was employed at Camp Gruber and performed services at that point but continued to live at his home at Muskogee. The indication is, from the meager testimony given, that his home for purposes of his employment, and thus for purposes of the statute, would be considered as the place of his employment, and any cost of meals purchased by him during the period of his service would not be allowable as a deduction. Two items deducted on petitioner Jess H. Taylor's return, $6 paid as dues to a Federal employees' association, and $3.90 as cost of a safe deposit box, are not supported by any proof and consequently must be disallowed. Deductions taken by petitioner Jess H. Taylor as representing *173 contributions and interest have been allowed by the respondent; also his deduction of taxes in the sum of $167.05, with the exception of one item of Oklahoma cigarette tax in the amount of $18.25, and a reduction of $26 in the amount claimed for state sales tax. This disallowed expenditure for cigarette tax is not supported by evidence but in no event could it be allowed, as it is claimed to be a tax paid by this petitioner's vendor on cigarettes purchased by the petitioner, such tax being paid prior to their sale to petitioner. Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952). There is also no evidence that petitioner expended more for state sales tax than the amount allowed by respondent. Respondent must also be sustained upon his disallowance of two items of damage to an automobile and breakage of watch, in a total of $9, as they are unsupported by any evidence. With respect to the item of $70.80, health and accident premium, disallowed by respondent in determining the deficiency, although no oral testimony was introduced at the hearing, the disallowance is shown manifestly to have been in error, as this petitioner's return was put in evidence together *174 with a summary of the report of audit by the respondent. This report of audit shows that this item was disallowed as "not deductible." In this it has been overlooked that petitioner on his return did not deduct this item from gross income in arriving at net income, but merely included it in the total of medical expenses upon which his deduction for such expenses in an amount in excess of five per cent of gross income was computed. The expenditure for health and accident insurance in the sum set out does not appear to have been questioned by respondent, but only its character. It is clearly allowable as an item of total expenditure for medical expenses under section 23 (x), Internal Revenue Code. Upon this disallowance the respondent is reversed. The final issue arises upon respondent's action in consolidating the income of these two petitioners and determining the tax upon the basis of a joint return. The facts herein are similar to those involved in Louis M. and Leora R. Roth, supra, and for the reasons set out by us in our opinion in that case, respondent is sustained on his action here taken. Decision will be entered under Rule 50.