DRAYTON HEARD AND ELIZABETH A. HEARD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63334. Filed August 18, 1958.

*Drayton Heard, pro se.*
*Charles A. Boyce, Esq.,* for the respondent.

TIETJENS, *Judge:* This proceeding involves the determination of an overassessment of and additions to petitioners' income tax as set forth below:

| Year | Overassessment | Additions to tax | |
| | | Sec. 294 (d) (1) (A) | Sec. 294 (d) (2) |
| 1953 | $136.92 | $365.51 | $223.67 |

The issues after concessions are: (1) Whether this Court has jurisdiction; (2) whether premiums paid on insurance policies providing indemnity for accidental loss of life, limb, sight, and time and for reimbursement of medical expenses resulting from nondisabling accidents constitute deductible medical expenses under section 23 (x)

of the 1939 Internal Revenue Code; and (3) whether petitioners are liable for an addition to tax under section 294 (d) (1) (A) of the 1939 Code.

FINDINGS OF FACT.

The stipulated facts are so found and are incorporated herein by this reference.

During the taxable year 1953 petitioners, husband and wife, resided in Sewickley, Pennsylvania. They filed a joint Federal income tax return for that year with the director of internal revenue for the twenty-third district of Pennsylvania.

Prior to midnight, Friday, January 15, 1954, petitioners mailed their declaration of estimated tax for the calendar year 1953 to the district director's office at Pittsburgh, wherein they disclosed as due the amount of $1,000. That declaration was filed January 18, 1954.

During 1953, petitioners paid premiums totaling $763 on various policies of insurance issued to Drayton Heard. The policies, all similar in nature, provided specified payments for loss of life, limb, or sight through accident; for total or partial disability resulting from accidental injury; for sickness resulting in total disability and confinement or nonconfinement; for confinement to a hospital by reason of injury or sickness; and for reimbursement of certain medical expenses resulting from nondisabling accidents. Each of the policies required the payment of a single annual premium. The parties have stipulated, where available, the portion of such annual premium attributable to the medical expense reimbursement features of each policy. The total premium paid, and the portion thereof attributable to the medical reimbursement provisions of each policy were as set forth below:

| Issuing company | Total premium | Portion attributable to medical reimbursement clause |
|---|---|---|
| Continental Casualty Co | $136. 00 | $3. 60 |
| Metropolitan Casualty Insurance Co | 79. 50 | 15. 00 |
| Educators Mutual Insurance Co | 100. 00 | (1) |
| U. S. Fidelity and Guaranty Co | 50. 50 | (1) |
| Federal Life and Casualty Co | 132. 00 | (1) |
| World Insurance Co | 265. 00 | (1) |

1 Not available.

On their return for 1953 petitioners deducted as medical expenses the total premiums paid on the policies in issue. The Commissioner disallowed the claimed deduction in full.

Of the $763 paid by petitioners as premiums on the policies under consideration, $40 was attributable to the medical expense reimbursement features provided.

OPINION.

At the outset we are confronted with a question of jurisdiction suggested by respondent. In the absence of a deficiency this Court lacks jurisdiction. However, it is settled that where, as here, respondent determines additions to tax in an amount in excess of an overassessment also determined for the same taxable year, there results a deficiency within the meaning of section 271 of the 1939 Code [1] thus giving this Court jurisdiction. *Charles E. Myers, Sr.*, 28 T. C. 12 (1957).

The principal issue is whether premiums paid on policies of insurance providing indemnity for accidental loss of life, limb, sight, and time and also providing for reimbursement of medical expenses resulting from nondisabling accidents constitute deductible medical expenses within the meaning of section 23 (x) of the 1939 Code. [2]

Respondent's position is that only that portion of the premiums attributable to the medical expense benefits provided by the policies is deductible under section 23 (x). Petitioners, on the other hand, maintain that the phrase "accident or health insurance" as used in the statute should be literally construed, and since the instant policies do in fact constitute accident and health insurance, the total premiums paid are deductible under section 23 (x).

For the reasons set forth below we agree with respondent.

The phrase "accident or health insurance" may not be isolated from its statutory context for the purpose of interpretation. Rather, it must be construed in the light of the "fair and natural meaning" of section 23 (x). *Lykes* v. *United States*, 343 U. S. 118 (1952), rehearing denied 343 U. S. 937 (1952). That subsection provides a deduction from gross income for expenses paid for medical care which it defines as those expenses incurred for "the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." Clearly, an amount paid to provide indemnification for the loss of life, limb, sight, and time does not come within that statutory definition. On the other hand,

---

[1] SEC. 271. DEFINITION OF DEFICIENCY.

(a) IN GENERAL.—As used in this chapter in respect of a tax imposed by this chapter, "deficiency" means the amount by which the tax imposed by this chapter exceeds the excess of—

(1) the * * * amount shown as the tax by the taxpayer upon his return * * *

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(x) MEDICAL, DENTAL, ETC., EXPENSES.—Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3)—

\* \* \* \* \* \* \*

The term "medical care", as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance). * * *

amounts expended to provide reimbursement of medical expenses as defined by the statute are included therein. The Senate Finance Committee Report accompanying the Revenue Act of 1942,[3] which added section 23 (x) to the 1939 Internal Revenue Code, clearly supports that conclusion. It is stated therein that: [4]

> The term "medical care" is broadly defined to include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. It is not intended, however, that a deduction should be allowed for any expense that is not incurred primarily for the prevention or alleviation of a physical or mental defect or illness.
>
> Although a deduction is denied with respect to such expenses as are compensated for by insurance or otherwise, amounts paid for accident or health insurance are included in the category of medical expenses. Payments for hospitalization insurance, or for membership in an association furnishing cooperative or so-called free-choice medical service, or group hospitalization and clinical care are intended, for purposes of this section, to be included as amounts which may be deducted.

We are therefore of the opinion that petitioners are entitled to a deduction under section 23 (x) of only that amount of the premiums paid which provided for reimbursement of medical expenses. Cf. *Robert O. Deming, Jr.*, 9 T. C. 383 (1947).

Petitioners have the burden of establishing what portion of the premiums paid during 1953 was applicable to the medical reimbursement features provided. They presented the Court with a breakdown for only two of the six policies involved. With respect to the remaining policies, the issuing companies acknowledged that a portion of the total premium was applicable to the medical reimbursement benefits, but were unable to break it down into its components. Therefore, using our best judgment on the record before us, and bearing most heavily upon the party having the burden of proof, we have found as a fact that of the total premiums paid during 1953, $40 was attributable to the medical expense reimbursement provisions of the instant policies. To that extent we hold that respondent erred in his disallowance of that item. *Cohan* v. *Commissioner*, 39 F. 2d 540 (C. A. 2, 1930).

Petitioners' reliance on *Haynes* v. *United States*, 353 U. S. 81 (1957), is misplaced. That case involved an exclusion from gross income under section 22 (b) (5) of "amounts received through accident or health insurance * * * as compensation for personal injuries or sickness." The instant controversy concerns a deduction from gross income. Moreover, any recourse to the definition of "accident or health insurance" as contained in section 22 (b) (5) for the purpose of determining the scope of a deduction under section 23 (x) would

---

[3] 56 Stat. 748.
[4] S. Rept. No. 1031, 77th Cong., 2d Sess. (1942), pp. 95, 96.

be improper. *Lykes* v. *United States, supra; Robert O. Deming, Jr., supra.*

The final issue is whether petitioners are liable for an addition to tax for failure to file a timely declaration of estimated tax for 1953. They concede that they substantially underestimated their tax for that year, and consequently do not contest the addition to tax under section 294 (d) (2) made by respondent. However, they maintain that respondent erroneously determined an addition to tax under section 294 (d) (1) (A) inasmuch as they filed an estimated tax return.

Petitioners' declaration of estimated tax was mailed to the district director's office prior to midnight on Friday, January 15, 1954. It was stamped received by that office on January 18, 1954, and the parties have stipulated that it was filed on that date. The applicable statute requires that the declaration be filed on or before March 15 of the taxable year, or, in the event the requirements for the making of such declaration prescribed by section 58 (a) are first met "after September 1 of the taxable year, the declaration shall be filed on or before January 15 of the succeeding taxable year." [5] Assuming petitioners were entitled to file their declaration on January 15, 1954, they still are not entitled to relief. The parties stipulated that the instant declaration was filed on January 18, 1954. Clearly it was not timely filed within the meaning of the statute. Petitioners have introduced no evidence establishing that their failure to do so was due to reasonable cause and not to willful neglect, and therefore the addition to tax under section 294 (d) (1) (A) is sustained.

Since petitioners have conceded they substantially underestimated their tax for 1953, we also sustain the addition to tax under section 294 (d) (2). Their reliance upon those cases which hold Congress did not intend the imposition of double sanctions under section 294 is incorrect. Those cases involved the question of whether where no declaration had been filed the taxpayer was also liable for an addition to tax for substantial underestimation. See *Acker* v. *Commissioner*, 258 F. 2d 568 (C. A. 6, 1958), and cases cited therein. Here, petitioners have conceded the propriety of the addition under section 294 (d) (2). In any event, where no declaration of estimated tax had been filed, the estimate is deemed to be zero and the addition to the tax provided in section 294 (d) (2) for substantial underestimate of estimated tax is mandatory. *Patchen* v. *Commissioner*, 258 F. 2d 544 (C. A. 5, 1958); *Franklin S. Speicher*, 28 T. C. 938 (1957); *Walter H. Kaltreider*, 28 T. C. 121 (1957), affd. 255 F. 2d 833 (C. A.

---

[5] Sec. 58 (d) (1), I. R. C. 1939.

3, 1958) ; *Harry Hartley*, 23 T. C. 353 (1954), modified 23 T. C. 564 (1954) ; *G. E. Fuller*, 20 T. C. 308 (1953), affirmed on other grounds 213 F. 2d 102 (C. A. 10, 1954).

*Decision will be entered under Rule 50.*

