**Drayton HEARD and Elizabeth A. Heard, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 12882.

United States Court of Appeals
Third Circuit.

Argued June 11, 1959.

Decided Aug. 12, 1959.

---

**912**

Drayton Heard, Pittsburgh, Pa., for petitioners.

Helen A. Buckley, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Carolyn R. Just, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Petitioners ask for review of a decision of the Tax Court, 30 T.C. 1093 (1958), which held that the premiums paid by taxpayer for old line health and accident policies are a medical deduction under § 23(x) of the 1939 Internal Revenue Code as amended 26 U.S.C. 1952 ed., only to the extent that they are applied to medical or hospitalization coverage. Petitioners also except to the determination that mailing before midnight of the final day of the allowed period is not a "filing" under § 294(d)(1)(A), 26 U.S. C.; that double penalties for underestimation and untimely filing may be assessed against him, § 294(d)(1)(A) and § 294(d) (2), 26 U.S.C.; and that for the purpose of computing additions to the tax it would be assumed that the ultimate liability for the year accrued in equal quarters. The taxable year involved is 1953.

*Deductions for Medical Care.*

In 1953, § 23(x) controlled deductions for medical care. It made deductible from gross income "Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent * * *." As to "medical care" it stated:

"* * * The term 'medical care,' as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (*including amounts paid for accident or health insurance*). * * *" (Emphasis supplied.)

The words of the above statute are to be given their normal meaning without striving to read exceptions into them. Deputy v. Dupont, 1940, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; Blaess v. Commissioner, 1951, 28 T.C. 710. Despite the incorporation of the phrase " * * * amounts paid for accident or health insurance" into the definition of "medical care", the Commissioner insists that the fair and natural meaning of § 23(x) is not what it says but that in some fashion it eliminates amounts paid for accident and health insurance to provide indemnity for loss of life, limb, sight and time from inclusion under the statutory definition of expenses paid for "medical care". It is asserted in respondent's brief that this statement is supported by the Senate Finance Committee Report (S.Rep. No. 1631, 77th Cong., 2nd Sess., pp. 95–96) accompanying the Revenue Act of 1942. The brief goes on to say:

"That Report states in part:

"The term 'medical care' is broadly defined to include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. It is not intended, however, that a deduction should be allowed for any expense that is not incurred primar-

ily for the prevention or alleviation of a physical or mental defect or illness."

The next following sentence of the report, which is not quoted in the brief, reads:

"Although a deduction is denied with respect to such expenses as are compensated for by insurance or otherwise, *amounts paid for accident or health insurance are included in the category of medical expenses.*" (Emphasis supplied.)

The Senate Report by this statement unmistakably indicates that the direct language of the parenthetical clause of § 23(x), which includes amounts paid for accident or health insurance as proper deductions under medical care, is no inadvertence but the considered decision of the Senate Finance Committee which was adopted as proposed.

█ Whatever the Tax Court's current attitude may be towards the 1939 Code's specific designation of accident or health insurance premium payments to be deductible, in 1952 it held that the Commissioner had erred in disallowing as a deductible item, a health and accident premium payment. Concerning that payment it said, "It is clearly allowable as an item of *total* expenditure for medical expenses under Section 23(x), Internal Revenue Code." Taylor v. Commissioner, 1952, 11 T.C.M. 652, 655. (Emphasis supplied).

The 1954 Code continues § 23(x) as § 213, 26 U.S.C.A. § 213. The continuance of the full deductibility of paid accident and health insurance premiums was patently no oversight. This is revealed forcibly by the fact that when in §§ 104 and 105 of the 1954 Code, 26 U.S.C.A. §§ 104, 105, the Congress wished to break down accident and health coverage into its separate items it did so in so many words. In both sections exclusions are granted for accident and health items " * * * except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (re-

lating to medical, etc. expenses) for any prior taxable year."

*Objections to Finding of Untimely Filing of Declaration of Estimated Tax, Assessment of Double Penalties and Assumption that Ultimate Liability for the Tax Year Accrued in Equal Quarters.*

█ These other questions arise in connection with the filing of petitioners' declaration of estimated tax for 1953. The first concerns its timeliness. The declaration was mailed for filing before midnight Friday, January 15, 1954. The stipulation of facts states that the declaration was filed January 18, 1954. It is conceded by the Commissioner that the filing took place on the first day after the mailing date, exclusive of the intervening Saturday and Sunday. Petitioners' contention that the particular district revenue office was not open on Saturdays during the critical period does not seem controverted. Nor does the fact that when the filing date for income tax *returns* fell on a Saturday, returns were considered by that office to have been timely filed if received the following Monday or if postmarked on or before midnight of that day. While this latter circumstance is of no real help to petitioners inasmuch as January 15, 1954 fell on a Friday, generally speaking taxpayer's present difficulty would seem to stem from his assumption that the above ruling as to timeliness applied to all income tax documents. Actually, unless otherwise defined by statute, filing does not occur until the paper to be filed is delivered to, received and filed by the proper official. If the mails are used to transmit the document, filing takes place when it is delivered at the office of the official designated to receive it. United States v. Lombardo, 1916, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897; Hilker & Bletsch Co. v. United States, 7 Cir., 1954, 210 F.2d 847; McRae v. Woods, Em.App. 1948, 165 F.2d 790, certiorari denied 1948, 333 U.S. 882, 68 S.Ct. 912, 92 L.Ed. 1157, rehearing denied 1948, 334 U.S. 830, 68 S.Ct. 1336, 92 L.Ed. 1758; Poy-

nor v. Commissioner, 5 Cir., 1936, 81 F. 2d 521.[1]

■ Petitioners then protest the double penalty assessed for the untimely filing of their declaration. Beyond doubt they were penalized twice; once for substantially underestimating their tax and once for their late filing of their Declaration of Estimated Tax. It is true as petitioners state that the complained of double penalty has been eliminated by the 1954 Code, 26 U.S.C. § 6651(c) and § 6654. And the Sixth Circuit Court of Appeals in Acker v. Commissioner, 1958, 258 F.2d 568 repudiated the doctrine under the 1939 Code itself.[2] In this circuit we are foreclosed on the question because in Abbott v. Commissioner, 1958, 258 F. 2d 537 we upheld the tax as plainly intended by the Congress. See also Patchen v. Commissioner, 5 Cir., 1958, 258 F. 2d 544; Hansen v. Commissioner, 9 Cir., 1958, 258 F.2d 585, certiorari granted, 1958, 358 U.S. 879, 79 S.Ct. 121, 3 L.Ed. 2d 109.

■ Finally, petitioners contend that the Tax Court's computation of additions to the tax is unfair. The Court divided the ultimate annual tax into equal fourths and added the precentage penalties to each fourth. The governing 1939 code (26 U.S.C. § 294(d)(1)(A)) provides that the percentage for addition to the tax should be added to "each installment due but unpaid". With no timely declaration of income filed, the Commissioner assessed the penalties as if none had been filed and apportioned them equitably throughout the year. The regrettable fact may well have been that most of the taxpayer's income came in the last quarter and that he would have been entitled to file his 1953 declaration on January 15, 1954 as we mentioned in footnote 1, supra. But there is

no evidence in the record of his quarterly income or facts to warrant a different calculation than the Commissioner made. The point was not contested in the Tax Court and we have nothing before us to justify a revision in the penalties computation as far as the equal quarterly assignments of income are concerned.

The decision of the Tax Court will be reversed as to the deductions for medical care. The case will be remanded for inclusion as a deduction the full amount of premiums paid on taxpayer's accident and health insurance policies involved and, in view thereof, for any necessary recomputation of the penalties and additions to the tax.

---

1. All of the above assumes that petitioners' declaration would have been timely if filed by January 15, 1954. There is some question regarding this. However, the facts need not be examined because, as indicated, even if filing by January 15, 1954, would have been proper, the declaration was not so filed.

2. Certiorari has been granted in this case by the United States Supreme Court, 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348.