Drayton HEARD and Estate of Elizabeth A. Heard, Deceased, Drayton Heard, Executor, Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13345.

United States Court of Appeals
Third Circuit.

Argued Dec. 13, 1960.

Decided Dec. 27, 1960.

Drayton Heard, Pittsburgh, Pa., for petitioners.

Karl Schmeidler, Washington, D. C., (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Despite the earnestness and ingenuity of petitioners' representations to the contrary, we have concluded that this appeal must be dismissed for want of jurisdiction.

On an earlier appeal in this case, this court affirmed the decision of the Tax Court in part and reversed it in part. 269 F.2d 911. Thereafter, the Tax Court, in an effort to carry out our mandate, made a redetermination of the petitioners' liability and entered decision accordingly. That decision was entered May 20, 1960 and the present petition for review was not filed in the Tax Court until June 29, 1960, more than 30 days later. However, on June 9, 1960, petitioners had filed a petition for a writ of *procedendo* in this court, in an effort to compel the Tax Court to change its determination in a way certainly not commanded by this court. We found the procedure inappropriate in the circumstances and, on June 22, 1960, dismissed the petition. The present petition for review followed.

Section 7481(3) (B) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7481(3) (B), provides that the Tax Court's decision as reached and entered on and pursuant to remand from a court of appeals "shall become final on the expiration of 30 days from the time such decision of the Tax Court was rendered, unless within such 30 days either the Secretary or his delegate or the taxpayer has instituted proceedings to have such decision corrected so that it will accord with the mandate, in which event the decision of the Tax Court shall become final when so corrected."

Under this subsection only the initiation of a proper reviewing procedure within 30 days can prevent the decision from becoming final. See Crews v. Commissioner, 10 Cir., 1941, 120 F.2d 749. This court has already held that the petition for *procedendo* was not appropriate. Nothing else was done within the thirty day period. Accordingly, the present petition was filed too late.

We have considered petitioners' argument that the mandate of this court effectuating a partial reversal of the Tax Court on first appeal in substance directed a rehearing in the Tax Court, and that a petition to review a Tax Court decision rendered on rehearing is timely under Section 7481(4) of the Internal Revenue Code, if filed within 90 days. However, we are not persuaded that this court's action, as reported at 269 F.2d 911, was in substance a direction to grant a rehearing in the Tax Court. Accordingly, Section 7481(4) is, in our view, inapplicable.

The present proceeding will be dismissed for want of jurisdiction.