DONALD G. KILGORE AND GLADYS H. KILGORE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93509. Filed June 11, 1962.

*Leland E. Fiske, Esq.*, for the petitioners.
*Crane C. Hauser, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1959 in the amount of $134.16.

The only error assigned by petitioners is the following:

(a) The Commissioner erred in disallowing a deduction claimed in the return for medical and dental expense in the amount of $516.01.

The facts were stipulated and are so found.

Petitioners are husband and wife residing in Dallas, Texas. A joint Federal income tax return for the calendar year 1959 was filed with the district director of internal revenue for the Dallas district.

During the taxable year involved neither petitioner had attained the age of 65 years.

Three percent of the adjusted gross income of the petitioners for the year 1959 amounted to the sum of $454.93.

In their return for the year 1959, petitioners deducted medical expense in the amount of $516.01 computed as follows:

| | |
|---|---:|
| Dental bills | $75.50 |
| Premium on health and accident insurance policies | 895.44 |
| Total | 970.94 |
| Less 3% of adjusted gross income | 454.93 |
| Medical expense deducted | 516.01 |

The respondent disallowed the deduction and in a statement attached to the deficiency notice explained his disallowance thus:

(a) It is determined that the claimed deduction for medical and dental expense is not allowable under the provisions of the internal revenue laws. The claimed deduction is disallowed.

The premiums on health and accident insurance policies shown in the return were paid to the following insurance companies:

| | Company | Policy No. | Amount |
|---|---|---|---:|
| 1 | Travelers Insurance Co | R (3) 19117 | $20.00 |
| 2 | Republic National Life Insurance Co | 3647, Certificate No. 40 | 50.00 |
| 3 | Republic National Life Insurance Co | 122, Certificate No. 2 | 66.24 |
| 4 | Lumbermens Mutual Casualty Co | P12287, TMA | 225.00 |
| 5 | Metropolitan Casualty Insurance Co | CS 1948 | 178.00 |
| 6 | Continental Casualty Co | 551756 | 143.20 |
| 7 | Continental Casualty Co | 3-G-6918 | 213.00 |
| | Total | | 895.44 |

The first policy insured Gladys against death, dismemberment, and loss of sight, effected through accidental means up to $5,000 single indemnity and up to $10,000 double indemnity if the injuries were sustained under certain specified conditions. It also provided for certain special benefits and would pay up to $500, the expense of treatment by a physician or surgeon, and for nurses and hospital fees.

The second policy was a group accident and health policy. It was issued to Donald's employer and provided for benefits to Donald in case of accidental death, dismemberment, loss of sight, if incurred while regularly performing his duties, of a principal sum up to $50,000, with certain limitations for the group of employees. The policy also provided for certain hospital and surgical expense benefits.

The third policy was a group accident and health policy. It was issued to Donald's employer and provided for benefits to Donald in case of accidental death, dismemberment, loss of sight, if incurred while performing his duties, of a principal sum up to $20,000. This

policy also provided for maximum benefits applicable to Donald and his dependents as follows:

| | |
|---|---|
| Hospital expense | $550 |
| Surgical expense | 300 |
| Major medical expense | 3,750 |
| Special disease expense | 5,000 |

The fourth policy insured Donald as a member of the Texas Medical Association, which association had a group policy from the Lumbermens Mutual Casualty Company. Under this policy Donald was insured against loss of life, sight, or limbs due to an injury caused solely by an accident while the policy was in force up to a specific loss accident indemnity of $250,000.

The fifth policy states at the beginning: "This policy provides indemnity for loss of life, limbs, sight or time caused by accidental bodily injury, and for loss of time by sickness to the extent herein provided." The principal sum under this policy is $5,000. The policy also provided: "If such injury shall not result in such disability or entitle the Insured to any other indemnity provided herein but shall require surgical attention, the Company will reimburse the Insured for the cost thereof * * * ."

The sixth policy provides indemnity for loss of life, limb, or sight resulting from bodily injury effected through accidental means and loss of time resulting from accidental bodily injury or caused by sickness to the extent of a principal sum of $5,000, a monthly indemnity of $200, and a monthly hospital indemnity of $300.

The seventh policy is much like the sixth policy, being with the same company, Continental Casualty Company, but it does not provide for a monthly hospital indemnity.

None of the policies allocates the single premium paid therein to the several benefits provided for in the respective policies.

Petitioners contend they are entitled to deduct the amount of $516.01 here in question under section 213 of the Internal Revenue Code of 1954, the material part of which is in the margin.[1]

---

[1] SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES.

(a) ALLOWANCE OF DEDUCTION.—There shall be allowed as a deduction the following amounts of the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse * * *:

(1) If neither the taxpayer nor his spouse has attained the age of 65 before the close of the taxable year—

* * * * * * *

(B) the amount by which such expenses for the care of the taxpayer, his spouse * * * exceed 3 percent of the adjusted gross income.

* * * * * * *

(e) DEFINITIONS.—For purposes of this section—

(1) The term "medical care" means amounts paid—

(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance) * * *

Deductions for medical expenses first made their appearance in section 23 (x) of the Internal Revenue Code of 1939 [2] which was added to that Code by section 127(a) of the Revenue Act of 1942. The Senate was the first to propose the deduction and, in S. Rept. No. 1631, 77th Cong., 2d Sess., 1942–2 C.B. 504, 576, it said:

> This section, inserted into the bill by your committee, adds section 23(x) to the Code to allow a deduction for expenses paid during the taxable year for medical care of the taxpayer, his spouse * * *.
>
> The term "medical care" is broadly defined to include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. It is not intended, however, that a deduction should be allowed for any expense that is not incurred primarily for the prevention or alleviation of a physical or mental defect or illness.
>
> *Although a deduction is denied with respect to such expenses as are compensated for by insurance or otherwise, amounts paid for accident or health insurance are included in the category of medical expenses.* * * * [Emphasis supplied.]

In *L. Keever Stringham*, 12 T.C. 580, 583, affirmed per curiam 183 F. 2d 579 (C.A. 6, 1950), we recognized that the language of section 23 (x), the forerunner of section 213, was "susceptible to a variety of conflicting interpretations." See also *Commissioner* v. *Bilder*, 369 U.S. 499 (1962).

The sole issue presented by the parties for our decision is the matter of the deductibility of the premiums paid on certain health and accident policies, which issue is the same as that involved in *Drayton Heard*, 30 T.C. 1093, reversed and remanded 269 F. 2d 911 (C.A. 3, 1959). In that case the taxpayer paid premiums on policies of insurance providing indemnity for accidental loss of life, limb, sight, and time and also for reimbursement of medical expenses resulting from nondisabling accidents. We held that only that amount of the premiums which provided for reimbursement of medical expenses constituted a deductible medical expense under section 23 (x) of the 1939 Code.

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(x) MEDICAL, DENTAL, ETC., EXPENSES.—Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse * * *

(1) If neither the taxpayer nor his spouse has attained the age of 65 before the close of the taxable year, to the extent that such expenses exceed 5 per centum of the adjusted gross income; or

(2) If either the taxpayer or his spouse has attained the age of 65 before the close of the taxable year, (A) the amount of such expenses for the care of the taxpayer and his spouse * * *

* * * * * * *

The term "medical care," as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance). * * *

In reversing our decision in *Drayton Heard, supra,* the Third Circuit took the position that the words of the statute "(including amounts paid for accident or health insurance)" should be given their normal meaning without striving to read exceptions into them; and that the Senate report by the statement which we emphasized in the above-quoted portion "unmistakably indicates that the direct language of the parenthetical clause of section 23(x), which includes amounts paid for accident or health insurance as proper deductions under medical care, is no inadvertence but the considered decision of the Senate Finance Committee which was adopted as proposed."

Of course petitioners cite and rely upon the Third Circuit's decision whereas the respondent insists that our decision was correct and should be followed. Cf. Rev. Rul. 59–393 (1959–2 C.B. 457).

In *Commissioner* v. *Bilder, supra,* the Supreme Court laid considerable stress on the legislative history of the enactment. Although a different kind of "medical care" expense was involved in that case, the Supreme Court, in its opinion, said:

We consider the Commissioner's position unassailable in light of the congressional purpose explicitly revealed in the House and Senate Committee Reports on the bill. * * * Even the initial decision of the Tax Court under the 1939 Code respecting the deductibility of similar expenses under § 23(x) recognized that the language of that statute was "susceptible to a variety of conflicting interpretations," L. Keever Stringham, 12 T.C. 580, 583. The Tax Court's conclusion as to the meaning of § 23(x) of the earlier statute which was affirmed by the Court of Appeals, 183 F. 2d 579, and acquiesced in by the Commissioner, necessarily rested on what emerged from a study of the legislative history of that enactment. So too the conclusion in this case, which turns on the construction of the identical words re-enacted as part of § 213, must be based on an examination of the legislative history of this provision of the 1954 Code. The Committee Reports foreclose any reading of that provision which would permit this taxpayer to take the rental payments for his Florida apartment as "medical care" deductions.

In view of this strong reliance by the Supreme Court on the legislative history there involved, and the quoted portion of the Third Circuit's opinion in the *Heard* case, wherein it likewise laid considerable stress on that part of the Senate Finance Committee report set out above, we hold that, subject to the statutory limitation of 3 percent of the adjusted gross income, amounts paid for health or accident insurance are deductible as expenses for medical care under section 213 of the Internal Revenue Code of 1954. We will no longer follow our opinion in *Drayton Heard, supra.*

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

OPPER, *J.,* concurring: It seems to me sufficient to say here that *Heard* v. *Commissioner,* 269 F. 2d 911 (C.A. 3, 1959), reversing and

remanding 30 T.C. 1093, is the first ruling from a higher court on this subject, and that, accordingly, and without discussing its correctness, we propose to follow it. See *Robert M. Dann*, 30 T.C. 499, 510 (dissent). I consequently concur in the result now being reached.