PRETZMAN ET, PLAINTIFFS, *v.* UNITED STATES OF AMERICA, DEFENDANT.

United States District Court, Southern District of Ohio,

Eastern Division.

No. 5805. Filed March 30, 1963.

*Mr. Noel L. Greenlee,* for plaintiffs.

*Mr. Joseph P. Kinneary,* United States attorney, *Mr. Louis F. Oberdorfer,* assistant attorney general, *Mr. Edward S. Smith, Mr. David A. Wilson, Jr.,* and *Mr. Leonard M. Goldberg,* for defendant.

WEINMAN, J. The Complaint in this action, by which plain-

tiff seeks to recover taxes allegedly illegally collected by the Commissioner of Internal Revenue, was filed on April 21, 1960. This matter is now before the Court upon the motion for summary judgment filed by plaintiffs on October 26, 1962, and upon the motion for summary judgment filed by defendant on December 21, 1962.

On October 19, 1962, the parties filed a Stipulation of Facts with exhibits attached. These Stipulations are accepted by the Court and are adopted as the Court's Findings of Fact.

## FINDINGS OF FACT

1. During the years 1952 and 1953, Allen I. Pretzman, hereinafter called taxpayer, paid to the Mutual Benefit Health and Accident Association of Omaha the sums of $164 and $154 as premiums on Policy No. PGAN 200-242635-53M issued by that company and its predecessor policies. That policy is in all respects substantially identical to the predecessor policies in force during the years 1952 and 1953.

2. During the years 1952 and 1953, the taxpayer paid to the United Benefit Life Insurance Company of Omaha the sums of $164 and $154 as premiums on Policy No. UGAN 200-37395-53U issued by that company and its predecessor policies. That policy is in all material respects substantially identical to the predecessor policies in force during the years 1952 and 1953.

3. During the year 1952 the taxpayer made further premium payments of $34.66 on the policies mentioned in Finding of Fact numbers 1 and 2.

4. During the year 1953 the taxpayer made further premium payments of $155.20 on the policies mentioned in Finding of Fact numbers 1 and 2.

5. During the year 1952, the taxpayer paid to the Continental Casualty Company the sums of $65.20 and $120.30 as premiums on Policy No. 5-A-5416 issued by that company. Eleven Dollars and fifty-four cents and twenty-one dollars and thirty cents, respectively, of those sums represented the premium on the "Hospital and Surgical Expense Rider," which has been allowed by the Internal Revenue Service and is not in issue in this action.

6. During the year 1953, the taxpayer paid to the Continental Casualty Company $120.30 as a premium on policy

No. 5-A-5416 issued by that company. Twenty-one dollars and thirty cents of that sum represented the premium on the "Hospital and Surgical Expense Riders" which has been allowed by the Internal Revenue Service and is not in issue in this action.

7. During each of the years 1952 and 1953 taxpayer paid to the Federal Life and Casualty Company the sum of $75 as a premium on policy number 3129827 issued by that company.

8. During the year 1952, Dorothy Pretzman, paid to the Travelers Insurance Company the sum of $15 as a premium on policy number WS89635 issued by that company.

9. During each of the years 1952 and 1953, taxpayer was the owner of numerous life insurance policies on his life. A number of these policies had provisions for waiver of premiums in the event of total and permanent disability. The portion of the premiums paid by the taxpayer on his life insurance which is allocable to the above provisions total $40.65 for each of the years 1952 and 1953.

10. The sole issue in this cause is whether the taxpayer is entitled to deduct the above mentioned premiums as medical expenses within the meaning of Section 23(x) of the Internal Revenue Act of 1939, as amended, 26 U. S. C. A. Section 23(x), 1952 ed.

11. The Internal Revenue Service allowed the taxpayer to deduct $64.05 of the above-mentioned premiums in each of the taxable years 1952 and 1953. This amount represents that portion of the premiums allocable to the "Hospital and Surgical Expense Rider" in Continental Casualty Company policy number 5-A-5416 and the provisions of the other policies which were deemed "accident and health insurance" within the meaning of Section 23(x) of the Internal Revenue Code of 1939, e. g., part IV of the Travelers Insurance Company policy number WS89635.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. Section 23(x) of the Internal Revenue Act of 1939, as amended, 26 U. S. C. A. Section 23(x), 1952 ed. provides as follows:

"Sec. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions:
"* * * *

"(x) Medical, dental, etc., expenses. Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in Section 25 (b) (3)—

"(1) If neither the taxpayer nor his spouse has attained the age of 65 before the close of the taxable year, to the extent that such expenses exceed 5 per centum of the adjusted gross income; or

(2) If either the taxpayer or his spouse has attained the age of 65 before the close of the taxable year, (A) the amount of such expenses for the care of the taxpayer and his spouse, and (B) the amount by which such expenses for the care of such dependents exceed 5 per centum of the adjusted gross income.

"The deduction under this subsection shall not be in excess of $1,250 multiplied by the number of exemptions allowed under Section 25 (b) for the taxable year (exclusive of exemptions allowed under Section 25 (b) (1) (B) or (C), with a maximum deduction of $2,500, except that the maximum deduction shall be $5,000 in the case of a joint return of husband and wife under Section 51 (b). The term 'medical care,' as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance). The determination of whether an individual is married at any time during the taxable year shall be made in accordance with the provisions of Section 51 (b) (5)."

3. The issue under consideration has been considered by the Court of Appeals for the Third Circuit in *Heard* v. *Commissioner of Internal Revenue*, 269 F. (2d) 911, 912 (1959). In that case, the Court reversed the decision of the Tax Court, reported at 30 T. C. 1093 (1958), and stated:

"The words of the above statute [26 U. S. C. A. Section 23(x), 1952 ed.] are to be given their normal meaning without striving to read exceptions into them. * * * * Despite the incorporation of the phrase '* * * amounts paid for accident or health

insurance' into the definition of 'medical care' the Commissioner insists that the fair and natural meaning of §23(x) is not what it says but that in some fashion it eliminates amounts paid for accident and health insurance to provide indemnity for loss of life, limb, sight and time from inclusion under the statutory definition of expenses paid for 'medical care' * * *.''

The Court then quoted from the Senate Finance Committee Report and concluded:

"* * * * The Senate Report by this statement unmistakably indicates that the direct language of the parenthetical clause of §23(x), which includes amounts paid for accident or health insurance as proper deductions under medical care, is no inadvertence but the considered decision of the Senate Finance Committee which was adopted as proposed.''

And in *Kilgore* v. *Commissioner of Internal Revenue*, 38 T. C. ..., No. 38 (1962), C. C. H. Tax Court Reporter, Par. 25,535, page 2601, the Tax Court, after noting the strong reliance on legislative history by the Supreme Court in *Commissioner of Internal Revenue* v. *Bilder*, 369 U. S. 499 (1962), and by the Third Circuit in *Heard* v. *Commissioner, supra*, stated at page 2603:

"* * * * we hold that subject to the statutory limitation of 3 per cent of the adjusted gross income, amounts paid for health and accident insurance are deductible as expenses for medical care under Section 213 of the Internal Revenue Act of 1954. We will no longer follow our opinion in *Drayton Heard, supra*.''

It should be noted that Section 213 of the Internal Revenue Act of 1954 is comparable to Section 23 (x), of the Internal Revenue Act of 1939.

See, to the same effect, *Edwards* v. *Commissioner*, 39 T. C. ..., No. 8 (1962), C. C. H. Tax Court Reporter, Par. 25,703, page 3054.

Accordingly, judgment should be and it hereby is entered in favor of plaintiffs, Allen I. Pretzman and Dorothy B. Pretzman, and against the United States of America.

Counsel shall prepare an entry in accordance with their stipulation which provides that in the event a decision is rendered for the taxpayers, the parties will compute the amount of the judgment and submit it to the Court for entry.