Charlie L. Wilson v. Commissioner.
Wilson v. Commissioner
Docket No. 1321-62.
United States Tax Court
T.C. Memo 1963-188; 1963 Tax Ct. Memo LEXIS 156; 22 T.C.M. (CCH) 914; T.C.M. (RIA) 63188; July 11, 1963
Charlie L. Wilson, pro se, 107 Empire Ave., Macon, Ga. J. Larry Broyles, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioner's income tax for the years 1958, 1959 and 1960 in the respective amounts of $100.41, $159.40 and $333.71. The deficiencies result from the adjustments in respondent's determinations of deficiencies that included certain receipts in income and excluded various deductions during the years in question. Certain issues have been conceded by both parties. Charlie L. Wilson and his wife Cora L. Wilson live in Macon, Georgia. Their joint return was filed with the district director of internal revenue at Atlanta, Georgia. Petitioner is a Baptist minister who, during all of the years in question, performed evangelistic *157 work in many churches located in and around Georgia. He would usually receive $10, $15, or $20, and sometimes more, from the churches he served. He testified these were the amounts the churches "gave as free will offerings when I served them." Respondent determined petitioner received during the years 1958, 1959 and 1960 the respective amounts of $364.76, $636.70 and $323.45 as compensation for his ministerial activities which were not reported on petitioner's Federal income tax return for said years. Petitioner does not question the amounts and that said amounts represent compensation for ministerial services rendered by him. His argument is that the Scripture prohibits the taxation of a minister's income. There is, of course, no provision in the Internal Revenue Code exempting a minister's income derived from performance of ministerial services. Further discussion is unwarranted. The issue is decided for respondent. The following are items taken by petitioner as deductions and disallowed by respondent: (1) 1958 casualty loss of $6 on two automobile tires and casualty loss of $90 for damages to interior of his home caused by leaky roof; (2) city sewage taxes of $10.80 paid in *158 each year 1958 and 1959; (3) payments to Georgia Motor Club in 1958, 1959 and 1960 in the amounts of $28.50, $21 and $26, respectively; (4) payment in 1960 of $1,202.49 for repairs on his home; and (5) payment in 1959 and 1960 of premiums on accident and health insurance policies of $126.52 and $142.60, respectively. It appears from the statements on the 1958 return and the testimony of petitioner that the casualty loss deduction was correctly disallowed. In both instances the loss, if any, occurred from deterioration of the tires and roof and not from any sudden force or event. The evidence with respect to the sewage tax deduction is not satisfactory. Petitioner explained it as a tax he paid to the "Board of Water Commission for the City of Macon for the purpose of building a sewage plant." It seems to have been in the nature of a special assessment which would not be deductible under section 164(b)(5), I.R.C. of 1954. At any rate, petitioner failed in his burden to show that the items were deductible as taxes. The Georgia Motor Club is described as a division of the American Automobile Association. Payments thereto were personal expenses and respondent *159 correctly disallowed the payments as deductions. The same is true with respect to the 1960 payment for repairs on petitioner's home. The evidence is that the repaired property was held for use as a residence by the taxpayer. That is enough to foreclose the deduction. Sec. 1.212-1(h), Income Tax Regs.
Respondent would concede that $35.84 and $85.84 of the amounts disallowed as payments on accident and health insurance policies in 1959 and 1960, respectively, would constitute proper deductions under his regulations requiring an allocation when policy benefits include more than medical expense reimbursement. Also, respondent concedes that under our opinion in Donald G. Kilgore, 38 T.C. 340, and John D. Edwards, 39 T.C. 78, the full amount of the premium payments disallowed as medical expense would be considered medical expense payments. We hold the full amount of the premiums paid in 1959 and 1960 deductible as medical expenses. Decision will be entered under Rule 50.