Richard H. Marriott and Alice H. Y. Marriott v. Commissioner.
Marriott v. Commissioner
Docket No. 2920-64.
United States Tax Court
T.C. Memo 1966-86; 1966 Tax Ct. Memo LEXIS 198; 25 T.C.M. (CCH) 477; T.C.M. (RIA) 66086; April 22, 1966
*198 Joseph W. Trundle, 171 Culpeper St., Warrenton, Va., for the petitioners. Robert E. Garfield, for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent has determined a deficiency in the Federal income tax liability of petitioners for the year 1961 in the sum of $140.98. Petitioners allege that they are entitled to a refund of an overpayment in the amount of $355.99. In a statement attached to his determination respondent has given the following explanation for premiums paid for health and accident insurance, does not constitute medical expenses because the policies provide reimbursement for loss of income, life, sight, limbs, etc. In their petition, petitioners have made the following allegation which is admitted in respondent's answer: The deficiency as determined by the Commissioner is in income tax for the calendar year 1961 in the amount of $140.98, which amount is in controversy and a previous deficiency in the amount of $355.99 in income tax for the calendar year 1961, which amount is also in controversy. The previous deficiency of $355.99 has been paid to the Internal Revenue Service and petitioners on 9 July, 1963 filed *199 a claim for refund in the amount of $355.99. All of the facts have been stipulated by the parties. We incorporate herein by this reference the stipulation of facts and the exhibits identified therein. Petitioners, who are husband and wife, living in Warrenton, Virginia, filed a joint return for the year 1961 with the district director of internal revenue at Richmond, Virginia. On this return they deducted as medical expense premiums paid on various insurance policies in the amount of $1,462.73. Included in this amount were premiums paid on a policy issued by Minnesota Mutuual Life Insurance Company. It is agreed for the purposes of this proceeding that the premiums on this policy are not deductible as a medical expense. Richard H. Marriott, sometimes hereinafter referred to as petitioner, was Judge of the Fauquier County Court and also practiced law in Warrenton, Virginia, during the taxable year. During 1961 petitioner was covered by an insurance policy issued by the New York Life Insurance Company. The petitioner paid $226.54 in premiums on this policy during 1961. This policy provided specified payments for loss of life, limb or sight through accident and provided specified *200 monthly payments in the event of partial or total disability from accident or sickness. This policy did not provide for medical or hospital care of any kind. During 1961 petitioner was covered by an insurance policy issued by the Inter-Ocean Insurance Company. The petitioner paid $287.50 in premiums on this policy during 1961. This policy provided specified payments for loss of life, limb or sight through sickness or accident, and in addition, this policy provided specified payments for medical or hospital care as a result of injury or sickness and/or for reimbursement of certain medical expenses resulting from injury or sickness. The Inter-Ocean Company allocates the premium on this policy as follows: 11.5 percent to coverage for specified losses to bodily members and loss of time due to accident or sickness plus a double indemnity feature; 88.5 percent is allocated to medical fees and hospital indemnities. During 1961 petitioner was covered by an insurance policy issued by Maine Fidelity Life Insurance Company. Petitioner paid premiums of $310.90 on this policy during 1961. This policy provided for specific payments to indemnify petitioner for disability due to accident or sickness *201 or for loss of life. The policy also provided coverage for minimum indemnity for specific accidents and for physician expense for non-disabling accidents. The policy has attached to it a hospital benefits rider and an individual surgical expense rider. The Maine Fidelity Life Insurance Company allocates the premium on this policy as follows: $230 for the monthly accident and sickness indemnity, the minimum indemnity for specific accident losses, loss of time due to sickness, double indemnity for specific accidents and for physician expense for non-disabling accidents. The loss of life accident indemnity is allocated at $17 while the hospital benefits rider and the individual surgical expense rider are allocated at $45 and $18.90, respectively. During one-half of 1961 petitioner was covered by an insurance policy issued by the Continental Casualty Company. The petitioner paid $92 in premiums on this policy during 1961. This policy provided for specified indemnity payments to the petitioner if the petitioner became disabled as a result of sickness or accident. This policy did not provide for medical or hospital care of any kind. During 1961 petitioner purchased for $15 the coverage *202 of two policies issued by Continental Casualty Company covering his son and providing for the payment of certain specified expenses such as hospital care, medicines, X-rays, orthopedic appliances, physicians' and surgeons' fees, nursing care, transportation, and ambulance service resulting from four named diseases. During the same year petitioner also purchased for premiums totaling $35 the coverage of two other policies of insurance covering his son, as follows: Randolph-Macon Academy $17
Indemnity Insurance Company of
North America $18 These were so-called accident policies providing for the payment of certain expenses and indemnities in the event of injury to the insured by accident. On or about April 24, 1963, petitioners signed a Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment (Form 870) in which they agreed to an assessment of a deficiency in income tax for 1961 in the amount of $355.99. This deficiency was the result of the disallowance of the deduction of the premiums on the afore-mentioned policies as medical expenses. Petitioners paid $355.99, the amount shown on the Form 870, on April 24, 1963. *203 As shown on the Form 870 signed by the taxpayers, the deficiency was stated to be $355.99. The figure $355.99 was the result of a computation error by the respondent, and the correct deficiency based upon the disallowance of the insurance premiums as a medical expense deduction is $496.97. The petitioners paid $355.99, leaving a deficiency of $140.98 for which, on April 4, 1964, [1] respondent mailed a statutory notice of deficiency to the petitioners. Petitioners contend that all of the premiums here involved (with the exception of the premium paid on the policy issued by Minnesota Mutual Life Insurance Company) were "amounts paid for accident or health insurance" within the meaning of section 213(e)(1)(A) of the Internal Revenue Code of 1954[2] and are therefore deductible under and subject to the limitations of section 213(a)(1)(B). Petitioners cite as authorities supporting their contention Heard v. Commissioner, 269 F. 2d 911, reversing 30 T.C. 1093; Donald G. Kilgore, 38 T.C. 340; *204 [3] and John D. Edwards, 39 T.C. 78, reversed on another issue on petitioner's appeal, 323 F. 2d 751. [4]
Respondent contends that only that portion of the amounts paid for insurance protection is deductible which is demonstrated as providing reimbursement for expenses incurred for the diagnosis, cure, mitigation, treatment, or prevention of disease. Respondent recognizes that the authorities cited by petitioners are contrary to his contention. However, he argues that our first opinion with regard to this question in Drayton Heard, supra, was correct and that we erred in accepting its reversal by the Court of Appeals for the Third Circuit in the Kilgore and Edwards cases. He urges that we reconsider our opinions in those cases and return to the views stated by us in the Heard case. We are not persuaded by the respondent's argument to do so. Accordingly, we decide the question presented herein for the petitioners. Decision will be entered under *205 Rule 50. Footnotes
1. This is the date stipulated although the date shown on the copy of the notice of deficiency attached to the petition is April 14, 1964.↩
2. The amendment of this section subsequent to 1961 was not retroactive. ↩
3. Respondent's appeal dismissed by stipulation, April 30, 1963. ↩
4. Respondent's appeal dismissed by stipulation, April 30, 1963.↩