Andrew A. Winter and Elsie Winter v. Commissioner.
Winter v. Commissioner
Docket Nos. 5804-65 and 2889-66.
United States Tax Court
T.C. Memo 1967-121; 1967 Tax Ct. Memo LEXIS 140; 26 T.C.M. (CCH) 553; T.C.M. (RIA) 67121; May 31, 1967
*140 Held, premiums paid by petitioners on accident and health insurance policies for the years 1962 through 1964, are deductible as medical expenses under section 213 of the 1954 Code as it existed during said years. Glennon B. Tassie, 2520 Monroe St., Toledo, Ohio, for the petitioners. Charles S. Stroad, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: The Commissioner determined deficiencies in the income taxes of the petitioners, as follows: Taxable
Docket No.
Calendar Year
Deficiency
5804-65
1962
$208.29
1963
274.81
2889-66
1964
202.76 The cases were consolidated for trial. The sole issue is whether premiums paid by petitioners for accident and health insurance policies providing indemnification for losses resulting from sickness or accidental bodily *141 injury, are deductible as medical expenses for the years 1962 through 1964 here involved. All of the facts have been stipulated and are so found. The stipulation of facts and all exhibits identified therein are incorporated herein by reference. Petitioners Andrew A. Winter and Elsie Winter are husband and wife who, at the time of filing the petitions herein, were legal residents of Oregon, Ohio. For each of the taxable years involved, they filed a joint Federal income tax return on the cash basis, with the district director of internal revenue at Cleveland, Ohio. During the taxable years, the petitioner paid premiums on five accident and health insurance policies covering petitioner Andrew A. Winter. The total amounts so paid were: $801.11 during 1962; $955.16 during 1963; and $919.02 during 1964. All the policies except one were designed to compensate the insured during periods of disability resulting from sickness or accidental bodily injury. The one exception insured only against accidental injury or death. Petitioners paid other medical expenses during each of the taxable years, in excess of 3 percent of their adjusted gross income. And for each of said years, the total *142 of the premiums in issue, plus the medical expense deduction otherwise allowable, does not exceed the maximum limitation provided for in section 213 of the Internal Revenue Code of 1954. The respondent, in his notices of deficiency herein, determined that none of the above-mentioned premiums paid by the petitioners were deductible as medical expenses under the last-mentioned statute, as it existed during the years in issue. Based on the persuasive authority of the following decisions, it is our opinion that said determination of the respondent is erroneous; Heard v. Commissioner, 269 F. 2d 911 (C.A. 3, 1959), reversing 30 T.C. 1093; Donald G. Kilgore, 38 T.C. 340, (1962), following the above-cited opinion of the Third Circuit; John D. Edwards, 39 T.C. 78 (1962), reversed on another issue on the petitioner's appeal; Luther I. Webster, et ux. v. United States, 262 F. Supp. 718 (W.D. N. Y., 1966), affirmed per curiam 371 F. 2d 441 (C.A. 2, 1967). Moreover on May 17, 1967, the Internal Revenue Service issued a Technical Information Release, TIR-904, in which it announced that for *143 the taxable years beginning prior to January 1, 1967 (which includes all the taxable years involved), it will no longer contest the deductibility, as medical expense under section 213 of the Internal Revenue Code (1954), of premiums paid for health and accident insurance. In the light of all the foregoing, we decide the present issue in favor of the petitioners. Because of a concession of petitioners made in the stipulation of facts, Decision in docket no. 2889-66 will be entered under Rule 50. Decision in docket no. 5804-65 will be entered for the petitioners.