**John D. and Janice L. EDWARDS, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 18723.**

United States Court of Appeals
Ninth Circuit.

Oct. 16, 1963.

Rehearings Denied Dec. 2, 1963.

John D. Edwards, Bellevue, Wash., in pro. per., and for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, and Robert J. Golten, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS and BARNES, Circuit Judges, and KILKENNY, District Judge.

BARNES, Circuit Judge.

This appeal involves an alleged deficiency in taxpayers' income tax for 1955. The decision of the Tax Court was adverse to petitioners. (39 T.C. No. 8.) Jurisdiction exists pursuant to Section 7482 of the Internal Revenue Code of 1954.

Two questions are raised:

I

In 1955 taxpayer husband received $13,027.21 from his employer in settlement of two judgments totaling $15,155.00 obtained for bonuses claimed. In computing the settlement, there was no deduction made for withholding taxes, and there had been no discussion between the parties concerning it. The employer, in fact, neither withheld or paid to the government any withholding taxes nor did it deliver a W-2 Form to the taxpayer.

Edwards first returned the full amount of settlement, less costs and attorneys' fees, as income. An amended return claimed a credit of $2,604.30, which allegedly was the tax which "should have been paid" by the employer.

II

In 1955 the taxpayer was hospitalized in connection with his work from November 30 through December 23. He was unable to work for a period of five weeks. Prior to and following his absence from employment he had worked a six-day week. (Doc. No. 14, p. 6.) Pursuant to a wage continuation plan he was paid $134

for three days of his hospitalization, one day for each of the two months he had previously worked and for the first day of the injury. On his tax return for 1955, taxpayer claimed an exclusion of $96, which was partially disallowed. (Doc. No. 14, pp. 7–8.) The taxpayer brought this issue before the Tax Court, which held that he was entitled to exclude $50 of the $134, i. e., one-half of the $100 maximum weekly exclusion allowable under Section 105(d) of the 1954 Internal Revenue Code. (Doc. No. 14, p. 12.)

Taxpayers subsequently obtained a judgment for pay for the full amount of time he was absent from work, and now urges that he is entitled to the maximum exclusion of $100 per week for the period November 30, to December 31, 1955. His salary was $1,250 per month.

■ Answering the first question raised, we hold that § 31(a) (1) of the 1954 Internal Revenue Code [1] and the Treasury Regulation promulgated thereunder, provide that a tax credit is to be given a taxpayer for tax actually withheld from his wages by his employer. Reg. 1.31–1(a).[2] Where no tax has been withheld, the taxpayer can claim no credit for such withholding tax not withheld. Taxpayer is taxed on his gross salary—ordinarily what he received from his employer plus what was withheld; here on what he received alone, for none was withheld.

■ Answering the second question—we find that the factual situation before the Tax Court with respect to what wages taxpayer was entitled to receive due to his incapacity during the month of December 1955, has been changed due to taxpayer's apparent winning of his suit in the Supreme Court of the State of Washington, Edwards v. Morrison-Knudsen Co., 379 P.2d 735. Thus he is entitled to a full month's pay, from his employer, and to deduct up to $100 a week from such salary, (Section 105(d), Internal Revenue Code of 1954 [3]) or $500.

The Tax Court decision is affirmed in part, and reversed in part, and remanded to the Tax Court for redetermination of the amount of deficiency now due.

1. Internal Revenue Code of 1954:
  "§ 31. Tax withheld on wages.
  "(a) *Wage withholding for income tax purposes.*—
  "(1) *In general.*—The amount withheld under section 3402 as tax on the wages of any individual shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle."
  (26 U.S.C. 1958 ed., Sec. 31.)

2. This reads in material part:
  "(a) The tax deducted and withheld at the source upon wages under chapter 24 of the Internal Revenue Code of 1954 (or in the case of amounts withheld in 1954, under subchapter D, chapter 9 of the Internal Revenue Code of 1939) is allowable as a credit against the tax imposed by subtitle A of the Internal Revenue Code of 1954, upon the recipient of the income. If the tax has actually been withheld at the source, credit or refund shall be made to the recipient of the income even though such tax has not been paid over to the Government by the employer. For the purpose of the credit, the recipient of the income is the person subject to tax imposed under subtitle A upon the wages from which the tax was withheld. . . ."

3. "§ 105. Amounts received under accident and health plans
  *   *   *   *   *
  "(d) *Wage continuation plans.*—Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. In the case of a period during which the employee is absent from work on account of sickness, the preceding sentence shall not apply to amounts attributable to the first 7 calendar days in such period unless the employee is hospitalized on account of sickness for at least one day during such period. If such amounts are not paid on the basis of a weekly pay period, the Secretary or his delegate shall by regulations prescribe the method of determining the weekly rate at which such amounts are paid."
  (26 U.S.C. 1958 ed., Sec. 105.)