**Esther MINSKOFF, Executrix of the Estate of Sam Minskoff, Deceased, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 109, 110, Dockets 72–1922, 73–1608.**

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1974.

Decided Jan. 9, 1974.

Herman R. Perper, Spring Valley, N. Y., for plaintiff-appellant.

David P. Land, Asst. U. S. Atty., S. D. N. Y. (Paul J. Curran, U. S. Atty., S. D. N. Y., Taggart D. Adams, Asst. U. S. Atty., S. D. N. Y., on the brief), for defendant-appellee.

Before KAUFMAN, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Esther Minskoff, executrix of the estate of Sam Minskoff, appeals from the dismissal of her complaint, containing three "causes of action," for the recovery of estate taxes and income taxes paid on behalf of the decedent. The first cause of action sought a refund of estate taxes allegedly overpaid because of an erroneous valuation of the decedent's 20% interest in a real estate partnership, the 1 East 66th Street Corporation (the Corporation) venture. The second prayed for recovery of income taxes paid by the estate as a result of a deficiency asserted against the decedent, Sam Minskoff, for failure to report a capital gain on the partnership's sale of substantially all of the Corporation's stock before Minskoff's death. The third cause of action asserted that under the doctrine of equitable recoupment the estate should be permitted to recover estate taxes, even if the statute of limitations were a bar to this claim, on the ground that the Government had improperly collected a "double tax"—an estate tax and an income tax—on the same transaction, namely, the sale of the Corporation's stock.

Both sides moved for summary judgment on all three claims. Judge Lumbard, sitting by designation, granted the Government's motion for summary judgment on claims one and two, finding both claims to founder on the statute of limitations. We affirm this disposition on the well-reasoned opinion below, 72–1 U.S. Tax Cas. 84, 766 (S.D.N.Y. May 12, 1972) (*Minskoff* I).

In *Minskoff* I, Judge Lumbard denied the cross-motions for summary judgment on the equitable recoupment claim since a factual dispute existed concerning the Government's method of computing the value of Minskoff's 20% partnership interest for estate tax purposes. After a two-day trial on this third claim, Judge Lumbard granted judgment for the Government. He found that the income Minskoff derived from the sale of the Corporation's shares was pre-death income because the sale took place prior to Minskoff's death, and he had the money and its unrestricted use before he died. Accordingly, having deter-

mined that there were two independent taxable events—(1) the sale of stock giving rise to a capital gain for income tax purposes and (2) the existence of proceeds or a claim to those proceeds as an asset of Minskoff's at death for estate tax purposes—Judge Lumbard properly held the doctrine of equitable recoupment, announced in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L. Ed. 1421 (1935), inapposite as a means by which the estate could by-pass the statute of limitations and relitigate the factual basis for the estate tax calculation.

We affirm. We find persuasive the following rationale set forth below, 349 F.Supp. 1146, 1149 (S.D.N.Y.1972) (*Minskoff* II):

> The theory of the doctrine of equitable recoupment is that one taxable event should not be taxed twice, once on a correct theory and once on an incorrect theory, see Rothensies v. Electric Storage Battery Co., *supra*, 329 U.S. [296] at 300, 67 S.Ct. 271, [91 L.Ed. 296] and that to avoid this happening the statute of limitations will be deemed waived. The doctrine does not allow a litigant to prove any and all mistakes made by him in reporting his tax. Most mistakes must be corrected within the time allowed by the statute of limitations. To succeed in avoiding the statutory bar, the litigant must show that the opposing party seeks to treat the same item inconsistently as a matter of law. Here no such action has been taken by the Government. Pre-death income has

been treated first as income, then as corpus. This result is allowed by the *Bull* case itself. Accordingly, the Government is entitled to judgment on the taxpayer's third cause of action.

Since we consider this reasoning dispositive, we need not reach the alternative grounds discussed by the district court as support for its dismissal of the estate's third claim.[1]

The judgments below are affirmed.

---

1. We find no inconsistency between our resolution of the instant case and the Third Circuit's decision in Boyle v. United States, 355 F.2d 233 (3d Cir. 1965), strenuously urged upon us by appellant. In *Boyle*, as in *Bull*, the doctrine of equitable recoupment was held applicable to permit the taxpayer to relitigate a barred claim for estate tax on corpus where the Government had, subsequent to the collection of that tax, asserted that the estate (*Bull*) or the beneficiaries (*Boyle*) must pay an income tax on the identical fund. The inconsistent treatment in these two cases is clear: the sum at issue could not have been earned both before the

decedent's death, requisite for inclusion as corpus, and after his death, necessary for treatment as income to the estate or the beneficiaries. A similar inconsistency is not present, however, in the instant case for, as the Court recognized in *Bull*:

> the amount received from the partnership as profits earned *prior* to Bull's death was income earned by him in his lifetime and taxable to him as such; and . . . it was also corpus of his estate and as such to be included in his gross estate for computation of estate tax.

United States v. Bull, *supra*, 295 U.S. at 254, 55 S.Ct. at 697. (Emphasis added)