CHRISTINA B. HARPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harper v. Commissioner
Docket No. 4021-89
United States Tax Court
T.C. Memo 1990-239; 1990 Tax Ct. Memo LEXIS 246; 59 T.C.M. (CCH) 585; T.C.M. (RIA) 90239; May 16, 1990, Filed Christina B. Harper, pro se. Randal B. Pooler, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
*824 MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
*247 Respondent determined deficiencies in the amounts of $ 82 and $ 1,690 in petitioner's Federal income taxes for 1984 and 1985, respectively. Respondent also determined additions to tax for the taxable year 1985 pursuant to section 6653(a)(1) in the amount of $ 84.50 and pursuant to section 6653(a)(2) in an amount equal to 50 percent of the interest due on $ 1,690. After concessions by the parties, the issues remaining for decision are: (1) Whether $ 6,375 in wages received by petitioner in 1985 represents net or gross wages; (2) Whether petitioner is entitled to a deduction in the amount of $ 390 for courses taken to obtain a real estate broker's license; and (3) Whether any part of the underpayment was due to negligence within the meaning of section 6653(a)(1) and (a)(2). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time of filing the petition here, petitioner resided at Orlando, Florida. In early March 1985, petitioner began working for Michael B. Scott Corporation, a real estate company owned by Bill Kasper (Kasper). Kasper operated a number of real estate businesses *248 and was also a developer. Petitioner worked on a development known as Windermere Downs. Kasper agreed to pay petitioner a salary of $ 35,000 per year (approximately $ 673 per week). She completed and submitted to her employer a Form W-4 when she commenced work. In addition to her salary, petitioner was also to receive an "override" in sales from Windermere Downs. Petitioner performed functions of answering the telephone, dealing with suppliers and subcontractors, writing checks, and other clerical duties. Petitioner did not receive the amount of salary agreed to. Each week petitioner would receive a check for an amount substantially less than $ 673. Kasper indicated that he would pay the remainder due petitioner at a later date. Petitioner quit her job after some 22 weeks due to her dissatisfaction with her employer. Petitioner did not receive the amounts of back pay owed to her. Petitioner received a total of $ 6,375 from Michael B. Scott Corporation, during the taxable year 1985. Petitioner was also told by her employer that she should take courses leading towards a real estate broker's license. Petitioner's employer agreed to reimburse her for the tuition. Petitioner *249 took the courses and ultimately received a real estate broker's license. Petitioner's employer failed to reimburse her for the expenses of the courses. Petitioner received a Form 1099 from Michael B. Scott Corporation reflecting nonemployee compensation of $ 6,375. Since petitioner considered herself an employee and, further, since she believed the amount reflected on the Form 1099 was incorrect, she did not report the $ 6,375 in income on her 1985 return. Petitioner wrote to the Internal Revenue Service in 1986 advising that she was erroneously sent an incorrect Form 1099. Petitioner received some correspondence from the Internal Revenue Service concerning this issue. Petitioner intended to amend her 1985 return when she received a corrected Form W-2 from her employer. The parties agree that petitioner was an employee of Michael B. Scott Corporation and, therefore, was erroneously issued a Form 1099. Petitioner also agrees that she did receive the amount of $ 6,375 from Michael B. Scott Corporation. However, she argues that her employer was required to withhold taxes on her behalf and, accordingly, she should be given credit for the amount of taxes that should have been *250 withheld on the wages received. Respondent does not *825 dispute that the money received by petitioner constitutes wages; however, respondent argues that the issue of withholding is not properly before this Court. Petitioner received $ 6,375 in wages which she failed to report on her 1985 return. There is no doubt that such wages constitute taxable income under section 61. Petitioner is correct that she should be credited with payment of taxes where her employer has collected tax but failed to pay it over to the United States since the amount would have been deducted from wages by the employer. Bloom v. United States, 272 F.2d 215, 220 (9th Cir. 1959). Here, however, petitioner has agreed that she received the amount of $ 6,375, the amount which respondent has determined as income. Thus, nothing was deducted from petitioner's wages and petitioner is being taxed on the amount actually received. See Edwards v. Commissioner, 39 T.C. 78, 84 (1962), affd. in part 323 F.2d 751 (9th Cir. 1963). Accordingly, respondent's determination must be sustained. With respect to the deduction relating to the courses to obtain a real estate *251 license, we look to section 162 which provides for deductions for ordinary and necessary business expenses. Expenses for education may qualify as ordinary and necessary business expenses if the education "(1) Maintains or improves skills required by the individual in his employment * * *, or (2) Meets the express requirements of the individual's employer * * *." Sec. 1.162-5(a)(1) and (2), Income Tax Regs. However, the regulations also provide that "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business" are nondeductible. Sec. 1.162-5(b)(3)(i), Income Tax Regs. The validity of this regulation has been upheld. Weizmann v. Commissioner, 52 T.C. 1106, 1111 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). This regulation has been applied to persons seeking a real estate broker's license. Johnson v. Commissioner, 77 T.C. 876, 878 (1981). [2] Accordingly, respondent is sustained on this issue. *252 Respondent also determined additions to tax under section 6653(a)(1) and (a)(2). Respondent has conceded that the omission of the $ 6,375 of wages was not due to negligence. Petitioner has the burden of proof with respect to the other adjustments. Since the only other adjustment in dispute is the deduction for the real estate courses taken by petitioner, we find that petitioner has satisfied her burden. Petitioner was required by her employer to take these courses and promised reimbursement. Having not received the reimbursement as promised, petitioner deducted the cost. While such expense is not deductible under the regulations, we are satisfied that petitioner acted in good faith in an attempt to comply with the tax law. Accordingly, we find for petitioner on this issue. Based on concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Goldstein v. Commissioner, T.C. Memo. 1987-47↩.