**In re Ali D. ERYURT, Debtor.**

**Bankruptcy No. 91–3595–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 1, 1992.

Dennis J. LeVine, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., trustee.

Bruce T. Russell, Tax Div., Washington, D.C., for I.R.S.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matters under consideration are cross Motions for Summary Judgment filed by Ali D. Eryurt (Debtor) and the Internal Revenue Service (IRS) on the Debtor's Objection to the Amended Proof of Claim of the IRS. A brief discussion of the facts which are relevant to the dispute will help put the matters under consideration in proper focus.

The Debtor was employed by Stuart James, Co. (Stuart James), a securities brokerage firm, during 1989 and 1990. Stuart James took the position that its brokers were independent contractors and paid them wages and did not withhold Federal Insurance Contribution Act (FICA) taxes from these wages. However, the IRS determined that the brokers, including the Debtor, were in fact employees, and the IRS accordingly assessed 100% liability for unpaid payroll taxes against Stuart James pursuant to 26 U.S.C. § 6672. The IRS reached a settlement agreement with Stuart James, pursuant to which Stuart James paid $400,000 to the IRS and obtained a release of its liability. The IRS applied these funds to the trust fund portion of Stuart James' liability, and none of these funds were applied to the withholding taxes owed by the employees, including the Debtor. (Affidavit of Beverly R. Heneveld, Internal Revenue Service Revenue Agent).

The Debtor filed amended tax returns for 1989 and 1990, and took credit on the amended returns for the amount of taxes which should have been withheld from his wages by Stuart James, but which admittedly were not. On his amended returns, the Debtor took credit for $19,199.00 in 1989 and for $11,140.94 in 1990 for FICA taxes which were never withheld from his wages. The IRS disallowed these credits, and filed a proof of claim in the Debtor's Chapter 13 case in the amount of $41,236.10 which is based on additional taxes owed for 1989 and for 1990, and on interest and penalties. The Debtor filed an Objection to the claim of the IRS based on the refusal of the IRS to allow the Debtor to take credit on his amended 1989 and 1990 returns for withholding taxes which were not withheld from his pay and which were never paid to the IRS by either his employer or by him.

Summary Judgment is appropriate when there are no genuine issues of material fact and when a party is entitled to a judgment as a matter of law. F.R.B.P. 7056. Both the Debtor and the IRS agree that there are no genuine issues of material fact, and the issue can be resolved as a matter of law.

Section 3402(a)(1) of the Internal Revenue Code (IRC) provides that "Every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures proscribed by the capital secretary." Section 31(a)(1) of the IRC, in turn, provides that "The amount withheld as tax ... shall be allowed to the recipient as a credit against the tax imposed." Treasury Regulation § 1.31–1(a) provides that "If the tax has actually been withheld ... credit ... shall be made to the recipient of the income even though such tax has not been paid over to the Government by the employer." If the employer

did not withhold the taxes, the taxpayer is not entitled to take credit for those taxes. *Edwards v. Commissioner*, 323 F.2d 751 (9th Cir.1963); *Hanns v. Commissioner*, 90 T.C.M. (P–H) 652, at 3164–90 (1990). Thus, the term "withheld" has been interpreted to mean actually withheld. *Edwards* at 752. There is no doubt, and the Debtor even admits, that the FICA taxes were not withheld from his wages. Thus, this Court is satisfied that the Debtor is not entitled to take as a credit taxes which were not withheld from his wages, and the Debtor's Motion for Summary Judgment should be denied.

 It is also clear to this Court that while an employer is required to deduct FICA taxes from wages paid to an employee, the employee is likewise liable to pay the employee's share of FICA taxes. The employee is ultimately liable for payment of FICA taxes, regardless of whether taxes are collected by the employer. *See* Rev. Rul. 86–111, 1986–1 296. Inasmuch as the Debtor failed to pay FICA taxes for 1989 and 1990, the Debtor's objection to the proof of claim filed by the IRS is not well taken, and the IRS is entitled to summary judgment in its favor as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Internal Revenue Service on the Debtor's Objection to Claim of the Internal Revenue Service is granted. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to the claim of the Internal Revenue Service is overruled, and the claim of the IRS is allowed.

DONE AND ORDERED.