T.C. Memo. 2001-67


UNITED STATES TAX COURT



CONNIE ANN ZACHARIAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16384-99.                    Filed March 21, 2001.



Connie Ann Zacharias, pro se.

<u>Mark J. Miller</u> and <u>Mark D. Petersen</u>, for respondent.



MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax of $720 for the
taxable year 1997.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue.

The sole issue for decision is whether petitioner is liable for tax on income which she earned but with respect to which her employer did not withhold any amount for Federal income taxes.

Petitioner resided in Madison, Wisconsin, on the date the petition was filed in this case.  Respondent issued petitioner a statutory notice of deficiency for taxable year 1997 in which the sole adjustment to petitioner's taxable income was an increase in gross income of $4,824.

Petitioner reported $10,209 of adjusted gross income on her 1997 Federal income tax return.  Supporting documents filed with the return show that this amount was derived from the following sources:

| | |
|---|---|
| Wages from Warman Intl., Inc. | $3,354 |
| Wages from Bradley Farms, Inc. | 2,943 |
| State unemployment income | 3,712 |
| Interest income | 200 |
| | 10,209 |

Also filed with petitioner's return was a Form W-2, Wage and Tax Statement, from R.Z. & Company, Inc. showing that petitioner earned an additional $4,825 in income during 1997 but that no Federal income tax was withheld from this amount.  Petitioner does not dispute either the fact that she earned this income, which was paid directly by her employer to her landlord as rent, or the fact that her employer did not withhold for Federal income taxes.  Indeed, petitioner reported $4,825 on her return as "rents" under "nontaxable earned income."  In this Court,

petitioner apparently is arguing that because her employer failed to withhold she should not be held liable for Federal income tax on income received from that employer.

The fact that petitioner's employer did not withhold taxes from her income is irrelevant to petitioner's tax liability. Income derived from compensation for services is clearly gross income subject to taxation. See sec. 61(a). Furthermore, the burden of paying tax on this income ultimately falls on each individual liable for the tax, not on her employer. See Edwards v. Commissioner, 39 T.C. 78, 83-84 (1962), affd. on this issue, revd. on another issue, and remanded, 323 F.2d 751 (9th Cir. 1963); Harper v. Commissioner, T.C. Memo. 1990-239. Petitioner is now liable for the same amount of tax as she would have been had her employer withheld any amounts; the date of the payment of such tax merely was delayed.

Petitioner also disputes the interest which respondent asserts is due on the deficiency. This Court does not have jurisdiction to redetermine interest in this case prior to the entry of a decision redetermining the deficiency. See sec. 7481(c); Rule 261; Pen Coal Corp. v. Commissioner, 107 T.C. 249, 255 (1996).

To reflect the foregoing,

Decision will be entered

for respondent.