**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-89

UNITED STATES TAX COURT

PAPA BIRAMA FALL AND YACINE DIENG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15293-12S.                    Filed November 14, 2013.

Papa Birama Fall and Yacine Dieng, pro sese.

Stephen C. Huggs and Sharyn M. Ortega, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

In a notice of deficiency dated March 12, 2012, respondent determined a deficiency in petitioners' Federal income tax of $3,852, a section 6662(a) accuracy-related penalty of $1,126, and a 10% additional tax pursuant to section 72(t) of $57 for tax year 2009.  The adjustments in the notice of deficiency included (1) unreported income of $24,725,[1] (2) an omitted retirement distribution of $566, (3) a 10% additional tax on an early distribution pursuant to section 72(t), and (4) an accuracy-related penalty pursuant to section 6662(a).

---

[1] In the adjustment page attached to the notice of deficiency, this item is described as "non-employee compensation".  The adjustment page further includes FICA tax of $1,533.  In an explanation page under "Other Taxes--Social Security/Medicare Tax" the notice suggests that Papa Birama Fall (petitioner) was improperly treated as self-employed and that the employee's share of FICA tax at 7.65% would be credited to his Social Security and Medicare Account.  Respondent's pretrial memorandum states that "respondent concedes that petitioner's income from Roman Trucks will be reported as W-2 wages on the Form 1040".  At trial petitioner agreed that he was an employee; accordingly, despite some of the confusion in the notice of deficiency and filings, petitioner's employment status is not in issue.

After concessions,[2] the issues for decision are: (1) whether petitioner received more than $12,000 of unreported income in 2009; and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty for the 2009 tax year.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Maryland when their petition was filed.

In 2009 Roman Trucks hired petitioner as executive vice president. Roman Trucks indicated in a letter dated February 23, 2009 (employment letter), that petitioner's compensation would include "a yearly salary of $125,000 (payable monthly)" and that his employment would commence on April 1, 2009. Petitioner worked for Roman Trucks for approximately three months.

The Internal Revenue Service received a Form 1099-MISC, Miscellaneous Income, from Roman Trucks reporting compensation of $24,725 paid to petitioner.

---

[2]In the petition, petitioners did not appear to dispute any of the adjustments in the notice of deficiency. At trial, however, petitioners disputed most of the adjustments and agreed only that petitioner had received $12,000 of wage income from Roman Trucks Africa, Inc. (Roman Trucks). To the extent that petitioners failed to present any evidence or argument as to the omitted retirement distribution and the 10% additional tax, these adjustments are deemed conceded. See Rule 149(b).

Petitioner did not include in income any compensation from Roman Trucks for the 2009 tax year.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In cases involving unreported income, this Court has recognized an exception to this rule where the Commissioner introduces no substantive evidence and relies solely on the presumption of correctness.[3] Jackson v. Commissioner, 73 T.C. 394, 401 (1979). This exception is limited and does not apply where the Commissioner has provided a minimal evidentiary foundation. Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989). Because we decide the factual issues in the instant case on the preponderance of the evidence, the allocation of the burden of proof is immaterial. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008).

---

[3]Additionally, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning the deficiency in addition to that information return. Sec. 6201(d). Petitioners have not asserted a "reasonable dispute" in this case; therefore, sec. 6201(d) is inapplicable. See Parker v. Commissioner, T.C. Memo. 2012-66; Cook v. Commissioner, T.C. Memo. 2010-137.

1.      Unreported Income

Gross income includes all income from whatever source derived, including (but not limited to) compensation for services.  Sec. 61(a)(1).  It is well established that an employer's failure to withhold income tax does not relieve an employee from his or her obligation to pay income tax.  Church v. Commissioner, 810 F.2d 19, 20 (2d Cir. 1987); Chenault v. Commissioner, T.C. Memo. 2011-56 (holding that a third party's withholding obligation "does not excuse the taxpayer from his or her duty to report income and pay the resulting tax"); Anderson v. Commissioner, T.C. Memo. 2007-265.  The Commissioner may collect payment from either the employee or the employer, but the employee remains ultimately liable for his own taxes even though his employer was obligated to withhold.  Edwards v. Commissioner, 39 T.C. 78 (1962), aff'd in part and rev'd in part, 323 F.2d 751, 752 (9th Cir. 1963).

Petitioner acknowledged that he had worked for Roman Trucks in 2009 for approximately three months and that he had received three payments from them in 2009.[4]  Petitioner provided to the Court a reconstruction of his income for 2009,

_____

[4]Petitioner's testimony as to the length of the term of his employment was vague and ambiguous.  At one point he claimed that he began employment in March 2009, but the employment letter indicates April 1, 2009, as the first date of employment.  He also claimed that he had worked for three months but that he

(continued...)

which was based on 26 pay periods. He concluded in the reconstruction of income that he had received three separate wire transfers or deposits from Roman Trucks, each for $4,000, for a total of $12,000.[5] However, petitioner did not provide further explanation or any documents supporting payments of $4,000.

Although petitioner attempted to reconstruct his income for 2009, his reconstruction of income based on 26 pay periods was inconsistent with the employment letter from Roman Trucks, which indicated that he would be paid monthly. His reconstruction of income was also inconsistent with his own testimony. He claimed that he was not paid in April or May, but his reconstruction of income showed a pay period beginning in April, with the first payment allegedly received on April 17, 2009, a second payment received on May 13, 2009, and a third payment received on May 26, 2009. Furthermore, petitioner's

---

[4](...continued)
continued to work there until July 2009. In later testimony he indicated that he left Roman Trucks' employment at the end of June 2009. The amount reported on the Form 1099-MISC, when calculated consistent with the employment letter, represents a sum for work performed for less than three months.

[5]The total amount of the payments, as reconstructed by petitioners and as reported by Roman Trucks on the Form 1099-MISC, both fell short of the amount petitioner should have received under the terms of the employment letter, if petitioner worked for a total of three months (which is unclear from the record). See supra note 4. On the basis of an annual salary of $125,000, petitioner should have received $10,416.67 per month (as an independent contractor).

testimony regarding the actual amount that Roman Trucks paid him was vague and inconsistent. At one point petitioner indicated that he may have received payments from Roman Trucks in excess of $12,000 and suggested that such payments were reimbursement for travel. He simply seemed uncertain as to the amounts received.

Petitioner did not present any documentation of reimbursed expenses or introduce evidence of Roman Trucks' reimbursement policy; nor did he provide any records of wire transfers, bank statements, or copies of pay stubs demonstrating that he received only $12,000 from Roman Trucks during 2009.

In the light of all of the evidence in the record, the Court finds that petitioner received from Roman Trucks, but failed to report, $24,725 in compensation; therefore, respondent's determination is sustained.

2. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of any underpayment of tax that is attributable to either negligence or disregard of rules or regulations or to a substantial understatement of income tax.

The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless,

reckless, or intentional disregard. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). An "understatement" is defined as the excess of the tax required to be shown on the return over the tax actually shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A).

Whether the accuracy-related penalty is applied because of negligence or disregard of rules or regulations or a substantial understatement of income tax, section 6664 provides an exception to imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability, including reliance on the advice of a tax return preparer. Id.

By virtue of section 7491(c), respondent has the burden of production with respect to the accuracy-related penalty. To meet this burden, respondent must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent meets this burden of production, petitioners must come forward with persuasive evidence that respondent's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446. As a defense to the penalty, petitioners bear the burden of proving that they acted with reasonable cause and in good faith. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. 438; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production under section 7491(c) because the record shows that petitioners were negligent and failed to make a reasonable attempt to comply with their obligation to report gross income. See sec. 61(a). Petitioner received income from Roman Trucks in 2009 but failed to report this income on petitioners' Federal income tax return. Petitioners have not demonstrated that they had reasonable cause for their underpayment or that they acted in good faith. See sec. 6664(c). Thus, petitioners are liable for the section 6662(a) accuracy-related penalty.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.