13-4230-ag
Karagozian v. Commissioner of Internal Revenue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of March, two thousand fifteen.

Present:        RALPH K. WINTER,
                ROSEMARY S. POOLER,
                ROBERT D. SACK,
                        *Circuit Judges*.

_____

OHAN KARAGOZIAN,

                        *Petitioner-Appellant*,

                v.                                      13-4230-ag

COMMISSIONER OF INTERNAL REVENUE,

                        *Respondent-Appellee*.

_____

Appearing for Appellant:        Gerald Hecht, Gerald Hecht & Associates, Danbury, CT.

Appearing for Appellee:         John Schumann, Attorney, Tax Division, U.S. Department of
                                Justice (Teresa E. McLaughlin, Attorney, Tax Division, U.S.
                                Department of Justice, Tamara W. Ashford, Acting Assistant
                                Attorney General, *on the brief*), Washington, D.C.

Appeal from the United States Tax Court (Kerrigan, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court be and it hereby is **AFFIRMED**.

Petitioner-appellant Ohan Karagozian appeals from the July 24, 2013 order and decision of the United States Tax Court (Kerrigan, *J.*) granting summary judgment in favor of the Commissioner of Internal Revenue (the "Commissioner") and sustaining a proposed levy to collect outstanding tax liabilities owed by Karagozian for 2008. Karagozian challenges his underlying tax liability. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a tax court's conclusions of law de novo and its findings of fact for clear error. *Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 182 (2d Cir. 2013); *see also* 26 U.S.C. § 7482(a)(1). In a case arising from a collection due process hearing in which the underlying tax liability is properly at issue, we review the underlying liability de novo and other administrative determinations for an abuse of discretion. *Williams v. Comm'r*, 718 F.3d 89, 92 (2d Cir. 2013).

On appeal, Karagozian argues that the Commissioner's March 26, 2009 letter entitled him, notwithstanding the statute of limitations, to refunds for all years in which Karagozian erroneously had been classified for federal tax purposes as an independent contractor by his employer. Contrary to Karagozian's reading, the letter merely (1) instructed him to file amended tax returns; (2) informed him that reclassification of his income could decrease, or increase, his tax liability; and (3) explicitly warned him that the statute of limitations might bar refunds for tax years prior to 2005. By no means did the letter waive the limitations period or vest in Karagozian a right to a refund.

Karagozian further contends that the doctrine of equitable recoupment permits him to offset monies previously paid in error, for which the statute of limitations has now run, against his present tax liability. As we have noted, "[t]he theory of the doctrine of equitable recoupment is that one taxable event should not be taxed twice, once on a correct theory and once on an incorrect theory, and that to avoid this happening the statute of limitations will be deemed waived." *Minskoff v. United States*, 490 F.2d 1283, 1285 (2d Cir. 1974) (citing *Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 300 (1946). Karagozian's attempt to invoke recoupment fails because he does not allege that "the government brought a new proceeding arising out of the same transaction involved in [an] earlier proceeding," *Bull v. United States*, 295 U.S. 247, 261 (1935), but instead seeks to recoup overpaid taxes from 2002 through 2007 against taxes he owes for 2008. While Karagozian claims recoupment for the same *type* of taxes, the Supreme Court clearly declined to extend the doctrine, as enunciated in *Bull*, "to allow one transaction to be offset against another" where the same type of tax payments were at issue in different years. *Elec. Storage Battery Co.*, 329 U.S. at 299; *see also Bush v. Comm'r*, 175 F.2d 391, 392 (2d Cir. 1949) (noting that each annual federal income tax levy "is the origin of a new liability and a separate cause of action"). Nor does the Commissioner's March 26, 2009 letter transform, as Karagozian contends, distinct tax years into a single transaction.

We have considered the remainder of Karagozian's arguments and find them to be without merit. Accordingly, the order of the Tax Court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2