T.C. Memo. 2018-36

UNITED STATES TAX COURT

MARK CLIFTON TRIMBLE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 865-15.                          Filed April 2, 2018.

Mark Clifton Trimble, pro se.

Karen Lynne Baker, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge: In a notice of deficiency dated October 16, 2014,

respondent determined a deficiency in petitioner's Federal income tax of $3,345

for 2012. After stipulations by the parties,[1] the issue for decision is whether

_____

[1]On December 5, 2016, the parties filed a stipulation of settled issues. The

(continued...)

**[*2]** petitioner failed to report his correct income from Auto Center for the year in issue.[2]

## FINDINGS OF FACT

Some of the facts are stipulated and so found. The first stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Texas when he timely filed his petition.

Petitioner is an auto body technician and was employed at Auto Center from August to December 2012. During that period Auto Center issued petitioner checks totaling $9,134.[3] Auto Center did not withhold tax from those checks. In

---

[1](...continued)
parties agreed that petitioner was an employee of Auto Center of Clear Lake (Auto Center) and not liable for self-employment tax on income he received from Auto Center or entitled to a self-employment tax deduction.

[2]Petitioner argues that the issue for decision in this case is who is responsible for payment of his 2012 employment tax, including Federal Insurance Contribution Act (FICA) taxes. This is a deficiency case for income tax, however, not a collection case for employment tax. See infra pp. 5-6.

[3]Petitioner was issued checks in 2012 as follows:

| Date | Amount |
| --- | --- |
| 9/11 | $500 |
| 9/17 | 1,000 |
| 9/24 | 300 |
| 9/28 | 1,000 |

(continued...)

[*3] January 2013 Auto Center issued petitioner a Form 1099-MISC, Miscellaneous Income, reporting compensation of $22,049.55 (original Form 1099). In April 2013 Auto Center issued petitioner a second Form 1099-MISC labeled "corrected" reporting compensation of $12,738 (corrected Form 1099).[4]

Petitioner timely filed his 2012 Form 1040, U.S. Individual Income Tax Return, claiming a filing status of married filing separately and reporting total income of $27,736.[5] Petitioner reported withholding credits of $9,793.[6]

---

[3](...continued)

| | |
|---|---|
| 10/05 | 1,000 |
| 10/18 | 1,000 |
| 10/26 | 1,000 |
| 11/05 | 1,000 |
| 11/09 | 1,000 |
| 11/26 | 300 |
| 11/30 | 534 |
| 12/07 | 500 |

[4]Petitioner filed a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, with the Commissioner. Before the notice of deficiency was issued, on January 6, 2014, the Commissioner determined that petitioner was not an independent contractor but an employee of Auto Center for Federal income tax purposes and that Auto Center had not withheld FICA or income tax from petitioner's wages.

[5]Petitioner reported wages of $27,712 ($5,662.40 from Forms W-2, Wage and Tax Statement, and the $22,049.55 reported on the original Form 1099 from Auto Center) and unemployment compensation of $24.

[6]The withholding credits were not reflected on the Forms W-2 or Forms 1099, and petitioner's testimony was unclear and confusing as to how that amount

(continued...)

**[\*4]** On October 16, 2014, respondent issued petitioner a notice of deficiency determining a deficiency in Federal income tax of $3,345. Respondent calculated the deficiency by including amounts reported on all information returns as income; i.e., petitioner's income included both the $22,049 reported on the original Form 1099 and the $12,738 reported on the corrected Form 1099 from Auto Center.

<u>Parties' Arguments</u>

After reviewing the documentation respondent adjusted his original position from the notice of deficiency and argued that petitioner's income from Auto Center was only $9,134--the total amount of the checks Auto Center issued to petitioner--and conceded that both Forms 1099 Auto Center issued to petitioner were erroneous. Respondent also argued that the Court has no jurisdiction to determine the amount of petitioner's Federal income tax withholding and share of FICA taxes.

At trial and on brief petitioner argued that his income from Auto Center was $34,787.55.[7] Petitioner also argued that he was not responsible for any taxes on

---

[6](...continued)
was computed.

[7]On April 22, 2013, petitioner filed a claim with the Texas Workforce Commission (TWC) Appeal Tribunal to determine his unemployment compensation rate. On May 16, 2013, TWC determined that petitioner was

(continued...)

**[\*5]** that amount because Auto Center paid him only $9,134 and "withheld" the remainder.  See supra note 6.

## OPINION

I.    Jurisdiction

    A.    Deficiency and Overpayment

The Tax Court is a court of limited jurisdiction, and it may exercise its jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Petitioner received a notice of deficiency and invoked the Court's jurisdiction by filing a petition for redetermination of a deficiency under section 6213(a).[8]  Section 6214(a) grants the Court jurisdiction to redetermine the correct amount of a deficiency and to determine whether any additional amounts or any additions to tax should be assessed if the Commissioner asserts an increased amount at or before the hearing or rehearing.  Section 6211(a) defines "deficiency", in general, as the correct tax for a year, minus the sum of the

_____

[7](...continued)
entitled to total "wage credits" of $34,787.55 from Auto Center that counted toward his unemployment entitlement benefits.

    [8]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*6]** amount of tax shown on the return plus the amount of tax previously assessed less any rebates.

Pursuant to section 6512(b)(1), the Court also has jurisdiction to determine the amount of an overpayment of tax for the same taxable year or years for which the Commissioner has issued a notice of deficiency and with regard to which the taxpayer has timely filed a petition for redetermination of the deficiency.

B.      Section 31 and FICA Tax

Under section 6211(b)(1) a deficiency is determined "without regard to payment on account of estimated tax, without regard to the credit under section 31". Although section 31 provides that the amount withheld by an employer as tax from an employee's wages "shall be allowed to the recipient of the income as a credit" against his income tax liability for that year, this credit is available only "[i]f the tax has actually been withheld at the source." Sec. 1.31-1(a), Income Tax Regs. It is well established that an employer's failure to withhold income tax does not relieve an employee from his or her obligation to pay income tax. Church v. Commissioner, 810 F.2d 19, 20 (2d Cir. 1987); Chenault v. Commissioner, T.C. Memo. 2011-56, slip op. at 11 (holding that a third party's withholding obligation "does not excuse the taxpayer from his or her duty to report income and pay the resulting tax"). The Commissioner may collect payment from either the employee

**[\*7]** or the employer, but the employee remains ultimately liable for his own taxes even though his employer was obligated to withhold.[9]  Edwards v. Commissioner, 39 T.C. 78 (1962), aff'd in part, rev'd in part, 323 F.2d 751 (9th Cir. 1963); Karagozian v. Commissioner, T.C. Memo. 2013-164, aff'd, 595 F. App'x 87 (2d Cir. 2015); Goins v. Commissioner, T.C. Memo. 1997-521, aff'd without published opinion, 151 F.3d 1029 (4th Cir. 1998).  Because the withholding credit issue is not a factor in determining the tax deficiency, the Court has no jurisdiction to consider it and therefore may not decide whether petitioner is entitled to a Federal income tax withholding credit for 2012.  See Forrest v. Commissioner, T.C. Memo. 2011-4.

This Court has no jurisdiction over FICA taxes imposed on petitioner as an employee of Auto Center for 2012.  See Chatterji v. Commissioner, 54 T.C. 1402, 1405 (1970); Ietto v. Commissioner, T.C. Memo. 1996-332.

II.    Burden of Proof

Generally, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  Rule 142(a); Welch v. Helvering, 290

---

[9]See sec. 3402(d) (relieving the employer of liability for the tax if it is paid directly by the employee).

**[\*8]** U.S. 111, 115 (1933).  Although section 7491(a) provides for shifting the burden of proof, this case is decided on the preponderance of the evidence and is not affected by the burden of proof or section 7491(a).

III.   Income[10]

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived" and includes compensation paid for services, whether furnished by the taxpayer as an employee, a self-employed person, or an independent contractor.  A taxpayer must maintain books and records establishing the amount of his or her income.  Sec. 6001.  If a taxpayer fails to maintain the required books and records, the Commissioner may determine the taxpayer's income by any method that clearly reflects income.  See sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989).  The Commissioner's reconstruction of income "need only be reasonable in light of all the surrounding facts and circumstances."  Petzoldt v. Commissioner, 92 T.C. at 687.

To reconstruct the amount of income petitioner received from Auto Center for 2012, respondent relies on the 12 checks it issued to petitioner totaling $9,134.

---

[10]After respondent conceded that the Forms 1099 issued to petitioner were erroneous, this case no longer involved unreported income.  Therefore, the issue for decision is whether petitioner failed to report his correct income from Auto Center for 2012.

[*9] Respondent argues that those checks are the best evidence to determine petitioner's income from Auto Center.

Petitioner argues that the TWC determination of $34,787.55 as "wage credits" is the best evidence of his income.[11] There is nothing in the record or in the TWC determination to explain how the TWC arrived at $34,787.55 for "wage credits". Further, TWC's determination applied to petitioner's unemployment compensation benefits, which is not the topic of this Federal income tax case.

Additionally, the documents in the record are inconsistent as to petitioner's income. Before the notice of deficiency was issued, the Commissioner determined in the SS-8 Determination Analysis that petitioner was guaranteed $1,000 a week.[12] TWC determined that petitioner's pay rate was $18 "per estimated repair hour". Petitioner testified that Auto Center agreed to pay him $18 a labor hour plus commission but paid only $1,000 a week.[13] However, the checks Auto Center issued to him are for varying amounts, several of which are for less than $1,000.[14]

---

[11]See supra note 7.

[12]See supra note 4.

[13]Petitioner testified that he worked 12 to 16 hours a day, but did not testify how many days a week he worked or whether he worked those days and hours consistently.

[14]See supra note 3.

**[*10]** The Court finds that the 12 checks Auto Center issued petitioner are the best evidence of his income from Auto Center for 2012. Therefore, petitioner's income from Auto Center was $9,134 for 2012. The Court concludes that petitioner did not underreport his income for 2012, but overreported it.[15]

IV.    Rule 155 Computations

Rule 155(a) provides for computations to be submitted by the parties "pursuant to the Court's determination of the issues, showing the correct amount to be included in the decision." For the Court's purposes in this case, the amount to be included in the decision will reflect the tax due for 2012 on the corrected income that petitioner received during that year. The Rule 155 computation ordered here will not be an invitation for the parties to reargue their previous litigation positions. See Rule 155(c).

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

---

[15]Although petitioner overreported his income, there is not enough information in the record to determine whether there is an overpayment of tax. The parties shall address this issue in their Rule 155 computations.

**[\*11]** To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.